IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 MAR -8  P 4: 02

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CIVIL ACTION NO. 2:06 MC-3286-F |
| CHRISTOPHER THOMAS, INC., | * | |
| JASON TILLERY, AN INDIVIDUAL, | * | |
| GOLDEN PEANUT COMPANY, | * | |
| LLC., et al., | * | |
| | * | |
| Defendants. | * | |
| UNITED STATES FIRE INSURANCE | * | |
| COMPANY, ST. PAUL FIRE AND | * | |
| MARINE INSURANCE COMPANY, | * | |
| and GOLDEN PEANUT, LLC, | * | |
| | * | |
| Counterclaim and Crossclaim | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| CANAL INSURANCE COMPANY, | * | |
| CHRISTOPHER THOMAS, INC., | * | |
| and JASON TILLERY, | * | |
| | * | |
| Counterclaim and Crossclaim | * | |
| Defendants. | * | |

**MOTION OF S. ANTHONY HIGGINS FOR
PROTECTIVE ORDER OR, IN THE ALTERNATIVE,
MOTION TO QUASH SUBPOENA**

COMES NOW the undersigned, S. Anthony Higgins, and respectfully requests this Honorable Court to enter a protective order in his favor preventing the Plaintiff, Canal Insurance Company, from obtaining the documents and things sought in the subpoena attached hereto as Exhibit A. Alternatively, the undersigned respectfully requests this Honorable Court to quash the attached subpoena based on the grounds set forth below:

PROCEDURAL HISTORY

1. The above-styled case is an insurance coverage dispute among various parties and insurance carriers premised on an underlying lawsuit styled *Virginia L. Arnold and husband, James Arnold v. Golden Peanut Company, LLC, et al.*, which was pending in the United States District Court for the Southern District of Alabama (CV-03-0819-CG-C). The *Arnold* litigation involved an automobile accident which occurred on November 4, 2003. The undersigned was lead defense counsel for Golden Peanut Company, LLC, in the *Arnold* litigation. The *Arnold* litigation went to trial in August 2005 and was settled during the course of the trial. All claims in the *Arnold* litigation have been resolved and the *Arnold* case has been dismissed.

2. In early 2004, Canal Insurance Company filed this declaratory judgment action against Golden Peanut Company, LLC, their insurance carriers and others in the United States District Court for the Southern District of Alabama (Civil Action No. 04-0094-CG-C). At that time, the undersigned was retained to represent the interest of Golden Peanut Company, LLC, United States Fire Insurance Company, and St. Paul Fire and Marine Insurance Company in the coverage case. U.S. Fire and St. Paul were insurance companies that had issued policies of insurance to Golden Peanut Company, LLC.

3. On or about November 22, 2004, the undersigned filed a motion to withdraw from his representation of St. Paul in this insurance coverage dispute. Similarly, on December 17, 2004, the undersigned filed a motion to withdraw from his representation of United States Fire Insurance Company. On December 27, 2004, the undersigned a motion to withdraw from his representation of Golden Peanut Company, LLC. As indicated above, the undersigned

2

continued his representation of Golden Peanut Company, LLC, through the trial of the *Arnold* case in August of 2005.

4. Attached hereto as Exhibit A is the subpoena issued to the undersigned by counsel for Canal Insurance Company. This subpoena was received by the undersigned on March 3, 2006.

5. In accordance with the requirements of Rule 26(c), Fed.R.Civ.P., the parties have in good faith conferred in an effort to resolve the dispute without this Court's intervention in the matter.

## ARGUMENT

At the outset, the undersigned objects to the attached subpoena on the grounds that it seeks information which is protected by the attorney-client privilege and the attorney work product doctrine. As referenced above, the undersigned was retained as counsel in this coverage action on behalf of Golden Peanut Company, LLC, United States Fire Insurance Company and St. Paul Fire and Marine Insurance Company. While the large part of the undersigned's file consists of various pleadings and correspondence which were provided to the opposing counsel, the file also contains materials which evidence communications between the undersigned and his clients, as well as other materials which would further be protected by the attorney work product doctrine. Absent a waiver from all three entities described above, the undersigned counsel cannot produce his materials which are protected by the attorney-client privilege or the attorney work product doctrine unless ordered to do so by this Honorable Court.

Next, it has come to the undersigned's attention that the District Court in the Southern

3

District has entered a supplemental Rule 16(b) Scheduling Order in this case. This Order states as follows:

> "**DISCOVERY** is **REOPENED** for the limited purpose of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverages and whether Canal has waived its right to assert its current position regarding these issues."

A copy of this Order is attached hereto as Exhibit B. Based on the undersigned's reading of the scope of discovery which is currently be allowed in this case, the documents and things sought in the attached subpoena would appear to be irrelevant and immaterial to the issues upon which discovery is currently open. Further, the subpoena is not reasonably calculated to lead to the discovery of admissible evidence and seeks information which is irrelevant and immaterial to the issues described above.

Finally, the undersigned notes that this is an insurance coverage dispute wherein the parties are requesting the Court to determine, as a matter of law, the rights and obligations of the various insurers with respect to various individuals sued in the *Arnold* litigation. Both the undersigned, as well as subsequent counsel retained to represent St. Paul, U.S. Fire, and Golden Peanut, have clearly communicated throughout this case the position of these entities with respect to the insurance coverage dispute. These communications have taken the form of correspondence and e-mails, as well as numerous pleadings that have been filed with the Court. Discovery has taken place and documents have been produced. Given the nature of this case, the undersigned asserts that issuing subpoenas on opposing counsel is not appropriate and should not be allowed in this case. There are certainly no issues which have been raised by opposing counsel which warrant the discovery of materials which are protected by the attorney-

4

client privilege and/or the attorney work product doctrine. Accordingly, the undersigned requests that an appropriate protective order be entered or that an order quashing the subpoena be entered by the Court.

WHEREFORE, PREMISES CONSIDERED, the undersigned respectfully requests this Honorable Court to enter a protective order prohibiting the Plaintiff from obtaining the discovery sought in the subpoena attached hereto as Exhibit A. In the alternative, the undersigned requests this Honorable Court to quash the attached subpoena and require no further response from the undersigned attorney.

The undersigned notes that he has no objection should the Court decide to transfer this matter to the United States District Court for the Southern District of Alabama for hearing and adjudication. The Southern District is certainly more familiar with the issues in this complex case and it may serve the interest of judicial economy for this matter to be transferred to the Court where this litigation is currently pending.

Respectfully submitted this the ____8th____ day of March, 2006.

_____
S. ANTHONY HIGGINS (HIG014)

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103-4128
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

I hereby certify that on the __8th__ day of March, 2006, I mailed, via regular mail, an exact copy of the foregoing to the following:

Joseph E. B. Stewart, Esq.
Austill, Lewis & Simms, P.C.
2101 Highland Avenue, Suite 500
Birmingham, AL 35205

William W. Smith, Esq.
Smith & Alspaugh, P.C.
505 North 20th Street
1100 Financial Center
Birmingham, AL 35203

Steven Mark Andrews, Esq.
Morris, Cary, Andrews & Talmadge
P. O. Box 1649
Dothan, AL 36302

Scott Salter, Esq.
Starnes & Atchison
P. O. Box 598512
Birmingham, AL 35259

Carol Ann Smith, Esq.
Smith & Eley
2000-A Southbridge Pkwy, Suite 405
Birmingham, AL 35209

_____
OF COUNSEL

6