# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CANAL INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>CHRISTOPHER THOMAS, INC., et. Al.,<br><br>Defendant(s). | Civil Action No.<br>2:06-mc3286-f |

### CANAL'S OPPOSITION TO ANTHONY HIGGINS' MOTION FOR PROTECTIVE ORDER OR IN THE ALTERNATIVE MOTION TO QUASH SUBPOENA, CANAL'S OPPOSITION TO ST. PAUL'S MOTION TO QUASH, OR ALTERNATIVELY TO MODIFY PLAINTIFF'S SUBPOENA, AND CANAL'S OPPOSITION TO UNITED FIRE INSURANCE COMPANY AND GOLDEN PEANUT'S MOTION TO CORRECT OR AMEND MOTION TO QUASH AND CROSS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

COMES NOW, the Plaintiff, Canal Insurance Company, by and through the undersigned counsel, and files this Canal's Opposition to Anthony Higgins' Motion for Protective Order or in the Alternative Motion to Quash Subpoena, Canal's Opposition to St. Paul's Motion to Quash, or Alternatively to Modify Plaintiff's Subpoena and Canal's Opposition to United Fire Insurance Company and Golden Peanut's Motion to Correct or Amend Motion to Quash and Cross Motion to Compel Production of Documents and states as follows:

1.  The instant case involves an insurance coverage dispute premised on an underlying lawsuit styled *Virginia L. Arnold and husband, James Arnold, plaintiffs versus Christopher Thomas, Inc., incorrectly designated as Thomas Trucking, Inc., a corporation and Golden Peanut Company, LLC, in the United States District Court for the Southern District of Alabama (CV-03-0819-CG-C)* (hereinafter "the

*Canal v. Thomas; Golden Peanut*
Civil Action No.:  2:06-mc3286-f
Canal's Opposition to Anthony Higgins' Motion for Protective Order or in the Alternative Motion to Quash Subpoena and Cross Motion to Compel Production of Documents

underlying lawsuit"). The issues in this case involve the apportionment among insurers of the financial responsibility for the risk (i.e. the death of Virginia Arnold caused when a brake drum on the Golden Peanut owned trailer separated) and responsibility of defense and indemnity in the underlying lawsuit. See Canal Insurance Company's Procedural History attached as Exhibit A.

2. Canal filed this declaratory suit to have a judicial determination made by this Court of Canal's rights, duties, and obligation under an insurance policy which might be applicable to the accident in the underlying case. Attorney Higgins represented Golden Peanut in the underlying tort suit. He also represented Golden Peanut, U.S. Fire and St. Paul in this coverage case before he withdrew as counsel.

3. On or about March 3, 2006, Canal served on Anthony Higgins, former counsel for Golden Peanut, U.S. Fire, and St. Paul, a subpoena requesting multiple documents and things. See Exhibit B.

4. On March 8, 2006, Anthony Higgins filed a Motion for Protective Order or, in the Alternative, Motion to Quash Subpoena. See Exhibit C.

5. On March 10, 2006, Canal served a revised subpoena which requested the production of documents in Montgomery, where Mr. Higgins' office is located. See Exhibit D.

6. On March 17, 2006, U.S. Fire Insurance Company and Golden Peanut filed a Motion to Quash, or Alternatively, to Modify Plaintiff's subpoena of Defendants' former attorney's documents. See Exhibit E.

7. On March 21, 2006, St. Paul filed a Motion to Quash, or alternatively, to Modify Plaintiff's Subpoena of defendants' former attorney's documents. See Exhibit F.

*Canal v. Thomas; Golden Peanut*
Civil Action No.:  2:06-mc3286-f
Canal's Opposition to Anthony Higgins' Motion for Protective Order or in the Alternative Motion to Quash Subpoena and Cross Motion to Compel Production of Documents

8. Prior to the subpoena request, Judge Granande, based on a March 30, 2005 hearing, ruled that Canal could raise new coverage defenses (particularly application of the E-45 Endorsement[1] to the Canal policy) and further found that the parties could conduct discovery on the issues [relating to the issues raised by Canal]. The Court stated, "Discovery is reopened for the limited purpose of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding these issues." See Exhibit G.

9. The order of Judge Granande was in part in response to Golden Peanut, U.S. Fire and St. Paul's position or contention that Canal had waived or was estopped from asserting its E-45 Endorsement concerning lack of coverage for Jason Tillery.

10. Canal's subpoena served upon Anthony Higgins was within the court's discovery extension and before the deadline expired. See Exhibit G.

11. Mr. Higgins (and defendants U.S. Fire and St. Paul) argue that the documents Canal seeks to discover are protected by the attorney-client privilege and are work-product protected.

12. However, both defendants U.S. Fire and St. Paul argue that Canal has waived its right or is estopped to contest coverage by defending Tillery in the tort case, which implicates the doctrines of estoppel and waiver. See Insurance Co. of the West v. Haralambos Beverage Co., 195 Cal.App.3d 1308, 1320-1321 (1987).

---

[1] The endorsement has the legal effect of limiting the coverages provided by the insuring agreement section of the Canal policy. See generally, Commerical Ste. Ins. Co. v. General Trucking Co., 423 So.2d 168 (Ala. 1982); see also, Utica Mut. Ins. Co. v. Dunn, 106 Ga. App. 877 (1962).

*Canal v. Thomas; Golden Peanut*
Civil Action No.: 2:06-mc3286-f
Canal's Opposition to Anthony Higgins' Motion for Protective Order or in the Alternative Motion to Quash Subpoena and Cross Motion to Compel Production of Documents

13. Estoppel cannot be used to create coverage under an insurance policy where coverage did not originally exist. Id. at 1319. See Ga. Code 33-24-16 ("[e]very insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended or modified by an rider, endorsement, or application made as part of the policy."); B.L. Ivey Const. Co. v. Pilot Fire & Cas. Co., 295 F. Supp. 840 (1968); Utica Mut. Ins. Co. v. Dunn, 106 Ga. App. 877 (1962).

14. To establish an estoppel the party asserting estoppel (here Golden Peanut, U.S. Fire and St. Paul), must prove the following four elements: (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe that it was so intended; (3) the party asserting the estoppel [here Golden Peanut, U.S. Fire and St. Paul] **must be ignorant of the true state of facts**; and (4) he must rely upon the conduct to his injury. Id. at 1321 (quoting Gaunt v. Prudential Ins. Co., 255 Cal.App.2d 18, 23 (1967)) (emphasis added). See also, Allstate v. Sapp, 223 Ga. App. 443 (1996).

15. Here, Golden Peanut, U.S. Fire and St. Paul, the ones asserting estoppel must show they were ignorant of the facts which effected coverage[2] and that they justifiably relied on Canal's conduct in defending Tillery. This element is analogous to the

---

[2] While Canal sought discovery from all three defendants in this coverage case, the fact that both U.S. Fire and St. Paul later admitted that Canal's potential insureds were also their insureds is, itself, an admission which speaks volumes about U.S. Fire and St. Paul's knowledge of the facts. Obviously facts which caused both to concede and admit this very important fact. Their admission came in response to **but after** Canal's first Motion for Summary Judgment. Doc. 55.

*Canal v. Thomas; Golden Peanut*
Civil Action No.:  2:06-mc3286-f
Canal's Opposition to Anthony Higgins' Motion for Protective Order or in the Alternative Motion to Quash Subpoena and Cross Motion to Compel Production of Documents

---

fraud element of reasonable or justifiable detrimental reliance. Because Counsel for Golden Peanut, Anthony Higgins, had knowledge of the true state of facts and circumstances concerning the accident, the relationship between Canal's potential insureds Thomas and Tillery, and Golden Peanut, which fact effected coverage, defendants U.S. Fire and St. Paul cannot prevail in their estoppel defense. Certainly, attorney Higgins correspondence which communicated facts to his clients U.S. Fire and St. Paul, is relevant concerning their knowledge and reliance which are essential elements on the issue of waiver and estoppel.

16. Canal cannot rebut the elements of estoppel and waiver being asserted now against it without the documents which concern Golden Peanut, U.S. Fire and St. Paul's knowledge of facts and reliance which are the issue of this subpoena.

17. The documents at issue go to the very subject of this litigation, are relevant and are not privileged.  The fact that attorney Higgins was defending Golden Peanut in the tort suit but also later communicated facts to U.S. Fire and St. Paul and represented them in this coverage case should not be allowed as a shield for either U.S. Fire or St. Paul to hide behind while they now thrust their waiver and estoppel sword at Canal.

18. At every juncture, Canal has attempted to learn the truth through discovery directed to Golden Peanut, U.S. Fire and St. Paul and otherwise create an evidentiary record upon which this court could make its judicial declaration and defendants have

*Canal v. Thomas; Golden Peanut*
Civil Action No.:  2:06-mc3286-f
Canal's Opposition to Anthony Higgins' Motion for Protective Order or in the Alternative Motion to Quash Subpoena and Cross Motion to Compel Production of Documents

continuously thwarted these attempts by filing Motions for Protective Orders[3] and citing the attorney-client privilege and work product claims when they did not want to respond to legitimate discovery requests of Canal.

19. In order for Canal to fully respond to rebut the waiver and estoppel issues now being raised by Golden Peanut, U.S. Fire and St. Paul, Canal needs the documents requested in its subpoena to Anthony Higgins so to determine what facts these parties knew and how they could have relied which are essential legal elements of the doctrine of waiver and estoppel.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Canal Insurance Company respectfully requests this Honorable Court to enter an Order Compelling Anthony Higgins response to Canal's Subpoena request.

Respectfully submitted,

By: s/William E. Pipkin
    William E. Pipkin, Jr.
    Bar Number: PIPKW5690

By: s/K. Donald Simms
    K. Donald Simms
    Bar Number: SIMMSK980

---

[3] See Golden Peanut's, U.S. Fire and St. Paul's initial disclosures where they identified Dennis Robbins as the **only person** who had relevant knowledge, the affidavit of Dennis Robbins filed to circumvent this Courts' application of the Canal E-45 Endorsement (later stricken by Judge Granande), the Motion for Protective Order to prevent Canal from deposing Robbins, the inconsistent testimony between Robbins and Sidney Owens of Golden Peanut concerning Golden Peanuts' stature as a federal Motor Carrier and its obligation to comply with the Federal Motor Carrier Safety Obligation concerning the subject Golden Peanut trailer from which the brake drum separated and killed Mrs. Arnold as well as Canal's request for emergency relief to depose Robbins.

*Canal v. Thomas; Golden Peanut*
Civil Action No.:   2:06-mc3286-f
Canal's Opposition to Anthony Higgins' Motion for Protective Order or in the Alternative Motion to Quash Subpoena and Cross Motion to Compel Production of Documents

OF COUNSEL:

AUSTILL, LEWIS, SIMMS, PIPKIN & MOORE, PC
PO Box 2885
Mobile, AL 36652-2885

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March , 2006, I electronically filed the foregoing with the Clerk of Court using the CM/EMF system which will send notification of such filing to the following:

Carol Ann Smith
Joel S. Isenberg
SMITH & ELY, LLC
2000 A Southbridge Pkwy.
Suite 405
Birmingham , AL 35209
    Attorneys For: Golden Peanut Company, LLC and United States Fire Insurance Company

Joseph Daniel Talmadge, Jr.
Stephen Mark Andrews
MORRIS, CLAY , ANDREWS & TALMADGE
3334 Ross Clark Circle
PO Box 1649
Dothan , AL 36302
    Attorneys For: Christopher Thomas, Inc., Jason Tillery

Nicole L. Judge
William W. Smith
SMITH & ALSPAUGH, PC
Suite 1100 Financial Center
505 20th Street North
Birmingham, AL 35203
    Attorneys For: James Arnold

Scott Salter
STARNES & ATCHISON
P. O. Box 598512
Birmingham, AL 35259
    Attorney For: St. Paul Fire & Marine Insurance


                                            s/ K. Donald Simms
                                            OF COUNSEL