# Exhibit C

Case 2:06-mc-03286-MHT-WEC   Document 6-4   Filed 03/23/2006   Page 1 of 19

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 MAR -8  P 4: 02

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CANAL INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 2:06 MC 3286-F |
| CHRISTOPHER THOMAS, INC., JASON TILLERY, AN INDIVIDUAL, GOLDEN PEANUT COMPANY, LLC., et al., | |
| Defendants. | |
| UNITED STATES FIRE INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and GOLDEN PEANUT, LLC, | |
| Counterclaim and Crossclaim Plaintiffs, | |
| v. | |
| CANAL INSURANCE COMPANY, CHRISTOPHER THOMAS, INC., and JASON TILLERY, | |
| Counterclaim and Crossclaim Defendants. | |

## MOTION OF S. ANTHONY HIGGINS FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION TO QUASH SUBPOENA

COMES NOW the undersigned, S. Anthony Higgins, and respectfully requests this Honorable Court to enter a protective order in his favor preventing the Plaintiff, Canal Insurance Company, from obtaining the documents and things sought in the subpoena attached hereto as Exhibit A. Alternatively, the undersigned respectfully requests this Honorable Court to quash the attached subpoena based on the grounds set forth below:

## PROCEDURAL HISTORY

1. The above-styled case is an insurance coverage dispute among various parties and insurance carriers premised on an underlying lawsuit styled *Virginia L. Arnold and husband, James Arnold v. Golden Peanut Company, LLC, et al.*, which was pending in the United States District Court for the Southern District of Alabama (CV-03-0819-CG-C). The *Arnold* litigation involved an automobile accident which occurred on November 4, 2003. The undersigned was lead defense counsel for Golden Peanut Company, LLC, in the *Arnold* litigation. The *Arnold* litigation went to trial in August 2005 and was settled during the course of the trial. All claims in the *Arnold* litigation have been resolved and the *Arnold* case has been dismissed.

2. In early 2004, Canal Insurance Company filed this declaratory judgment action against Golden Peanut Company, LLC, their insurance carriers and others in the United States District Court for the Southern District of Alabama (Civil Action No. 04-0094-CG-C). At that time, the undersigned was retained to represent the interest of Golden Peanut Company, LLC, United States Fire Insurance Company, and St. Paul Fire and Marine Insurance Company in the coverage case. U.S. Fire and St. Paul were insurance companies that had issued policies of insurance to Golden Peanut Company, LLC.

3. On or about November 22, 2004, the undersigned filed a motion to withdraw from his representation of St. Paul in this insurance coverage dispute. Similarly, on December 17, 2004, the undersigned filed a motion to withdraw from his representation of United States Fire Insurance Company. On December 27, 2004, the undersigned a motion to withdraw from his representation of Golden Peanut Company, LLC. As indicated above, the undersigned

2

continued his representation of Golden Peanut Company, LLC, through the trial of the *Arnold* case in August of 2005.

4. Attached hereto as Exhibit A is the subpoena issued to the undersigned by counsel for Canal Insurance Company. This subpoena was received by the undersigned on March 3, 2006.

5. In accordance with the requirements of Rule 26(c), Fed.R.Civ.P., the parties have in good faith conferred in an effort to resolve the dispute without this Court's intervention in the matter.

## ARGUMENT

At the outset, the undersigned objects to the attached subpoena on the grounds that it seeks information which is protected by the attorney-client privilege and the attorney work product doctrine. As referenced above, the undersigned was retained as counsel in this coverage action on behalf of Golden Peanut Company, LLC, United States Fire Insurance Company and St. Paul Fire and Marine Insurance Company. While the large part of the undersigned's file consists of various pleadings and correspondence which were provided to the opposing counsel, the file also contains materials which evidence communications between the undersigned and his clients, as well as other materials which would further be protected by the attorney work product doctrine. Absent a waiver from all three entities described above, the undersigned counsel cannot produce his materials which are protected by the attorney-client privilege or the attorney work product doctrine unless ordered to do so by this Honorable Court.

Next, it has come to the undersigned's attention that the District Court in the Southern

3

District has entered a supplemental Rule 16(b) Scheduling Order in this case. This Order states as follows:

> "**DISCOVERY** is **REOPENED** for the limited purpose of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverages and whether Canal has waived its right to assert its current position regarding these issues."

A copy of this Order is attached hereto as Exhibit B. Based on the undersigned's reading of the scope of discovery which is currently be allowed in this case, the documents and things sought in the attached subpoena would appear to be irrelevant and immaterial to the issues upon which discovery is currently open. Further, the subpoena is not reasonably calculated to lead to the discovery of admissible evidence and seeks information which is irrelevant and immaterial to the issues described above.

Finally, the undersigned notes that this is an insurance coverage dispute wherein the parties are requesting the Court to determine, as a matter of law, the rights and obligations of the various insurers with respect to various individuals sued in the *Arnold* litigation. Both the undersigned, as well as subsequent counsel retained to represent St. Paul, U.S. Fire, and Golden Peanut, have clearly communicated throughout this case the position of these entities with respect to the insurance coverage dispute. These communications have taken the form of correspondence and e-mails, as well as numerous pleadings that have been filed with the Court. Discovery has taken place and documents have been produced. Given the nature of this case, the undersigned asserts that issuing subpoenas on opposing counsel is not appropriate and should not be allowed in this case. There are certainly no issues which have been raised by opposing counsel which warrant the discovery of materials which are protected by the attorney-

4

client privilege and/or the attorney work product doctrine. Accordingly, the undersigned requests that an appropriate protective order be entered or that an order quashing the subpoena be entered by the Court.

WHEREFORE, PREMISES CONSIDERED, the undersigned respectfully requests this Honorable Court to enter a protective order prohibiting the Plaintiff from obtaining the discovery sought in the subpoena attached hereto as Exhibit A. In the alternative, the undersigned requests this Honorable Court to quash the attached subpoena and require no further response from the undersigned attorney.

The undersigned notes that he has no objection should the Court decide to transfer this matter to the United States District Court for the Southern District of Alabama for hearing and adjudication. The Southern District is certainly more familiar with the issues in this complex case and it may serve the interest of judicial economy for this matter to be transferred to the Court where this litigation is currently pending.

Respectfully submitted this the 8th day of March, 2006.

_____
S. ANTHONY HIGGINS (HIG014)

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103-4128
Tel: 334-215-8585
Fax: 334-215-7101

5

## CERTIFICATE OF SERVICE

I hereby certify that on the __8th__ day of March, 2006, I mailed, via regular mail, an exact copy of the foregoing to the following:

Joseph E. B. Stewart, Esq.
Austill, Lewis & Simms, P.C.
2101 Highland Avenue, Suite 500
Birmingham, AL 35205

William W. Smith, Esq.
Smith & Alspaugh, P.C.
505 North 20th Street
1100 Financial Center
Birmingham, AL 35203

Steven Mark Andrews, Esq.
Morris, Cary, Andrews & Talmadge
P. O. Box 1649
Dothan, AL 36302

Scott Salter, Esq.
Starnes & Atchison
P. O. Box 598512
Birmingham, AL 35259

Carol Ann Smith, Esq.
Smith & Eley
2000-A Southbridge Pkwy, Suite 405
Birmingham, AL 35209

_____
OF COUNSEL

AO88 (Rev. 1/94) Subpoena in a Civil Case

Case 2:06-mc-03286-MHT-WEC   Document 6-4   Filed 03/23/2006   Page 8 of 19
Case 2:06-mc-03286-MEF   Document 1   Filed 03/09/2006   Page 1 of 4

Issued by the
# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| Canal Insurance Company | SUBPOENA IN A CIVIL CASE |
|---|---|
| v. | |
| Golden Peanut Company, LLC, et al. | Case Number:[1]    CV-04-0094-CG-C |

TO: Anthony Higgins
Nix Holtsford Gilliland Higgins & Histon, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128

In the United States District Court Southern District of Alabama

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

X    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Austill, Lewis & Simms, P.C.<br>2101 Highland Avenue South, Suite 500<br>Birmingham, Alabama 35205 (205) 870-3767 | After 14 days of service |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalve, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 3-01-06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
K. Donald Simms
AUSTILL, LEWIS, & SIMMS, P.C.
2101 Highland Avenue South, Suite 500
Birmingham, AL 35205
(205) 870-3767

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

**EXHIBIT A**

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

| SERVED | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT TO SUBPOENA TO
## Anthony Higgins

Our File No.   :   930-079

Counsel may redact his mental impressions from the requested documents below.

1. Produce any and all documents that relate, in any way, to Golden Peanut Company, LLC's United States Fire Insurance Company's and/or St. Paul Fire and Marine Insurance Company's decision to demand defense and/or indemnity from Canal Insurance Company on or about January 7, 2004.

2. Produce all communication sent to U.S. Fire and/or St. Paul regarding Canal's February 6, 2004 demand for demand for defense and/or indemnity made on behalf of Thomas and Tillery with respect to U.S. Fire's and St. Paul's policies of insurance.

3. Produce all communications received from U.S. Fire and/or St. Paul regarding Canal's February 6, 2004 demand for defense and/or indemnity made on behalf of Thomas and Tillery with respect to U.S. Fire's and St. Paul's policies of insurance.

4. Produce any and all documents that relate, in any way, to your written representation made on or about February 25, 2004 that United States Fire Insurance Company's and/or St. Paul Fire and Marine Insurance would respond to Canal's demand for defense and/or indemnity "as quickly as possible."

5. Produce any and all documents that relate, in any way, to Golden Peanut Company LLC's decision to answer interrogatories in the underlying lawsuit styled *Virginia L. Arnold and husband, James Arnold versus Christopher Thomas, Inc., incorrectly designated as Thomas Trucking, Inc., a corporation and Golden Peanut Company, LLC, in the United States District Court for the Southern District of Alabama (CV-03-0819-CG-C)* (hereinafter "the underlying lawsuit"), on or about March 19, 2004, and take the position that Golden Peanut was not a motor carrier under ICC Regulations.

6. Produce any and all documents that relate, in any way, to the affidavit signed by Dennis Robbins on or about November 24, 2004, wherein he stated that "[t]he agreement between Golden Peanut and Christopher Thomas, Inc., was an agreement for services, not a lease, contract of hire, bailment, rental agreement, or any similar contract or agreement pertaining to any specific equipment or vehicles".

7. Produce any and all documents that where U.S. Fire instructed you to file a summary judgment response and admit that Thomas and Tillery were insured under U.S. Fire's policies of insurance.

8. Produce any and all documents that relate, in any way, to U.S. Fire's decision to admit that Thomas and Tillery were permissive insured under both layers of U.S. Fire's coverages on or about November 29, 2004.

9. Produce any and all documents that relate, in any way, to U.S. Fire's and St. Paul's decision not to defend Thomas and Tillery in the underlying liability lawsuit.

10. Produce any and all documents that relate, in any way, to Golden Peanut's decision to object on or about November 30, 2004, to Canal's Request for Admission number 8, wherein Canal requested that Golden Peanut to admit or deny that Golden Peanut is a "motor carrier" as defined by 49 C. F. R. §387.5.

11. Produce any and all documents that relate, in any way, to the unqualified tender of $1,000,000.00 by U.S. Fire with regards to its Commercial Auto Policy on behalf of Golden Peanut, Thomas and Tillery in the underlying *Arnold* action that was made on or about January 28, 2005.

12. Produce any and all documents that relate, in any way, to the unqualified tender of $1,000,000.00 by US Fire with regards to its Commercial Auto Policy on behalf of Golden Peanut, Thomas and Tillery in the underlying *Arnold* action that was made on or about February 14, 2005.

13. Produce any and all responses from U.S. Fire and/or St. Paul to the demand made by Canal Insurance Company for coverage on behalf of Thomas and Tillery.

14. Produce any and all documents, correspondence or other communications that you sent to U.S. Fire and/or St. Paul regarding the demand made by Canal Insurance Company for coverage on behalf of Thomas and Tillery.

15. Produce any and all documents, correspondence or other communications that you received from U.S. Fire and/or St. Paul regarding the demand made by Canal Insurance Company for coverage on behalf of Thomas and Tillery.

Case 2:06-mc-03286-MHT-WEC   Document 6-4   Filed 03/23/2006   Page 12 of 19
Case 2:06-mc-03286-MEF   Document 1   Filed 03/09/2006   Page 1 of 8
Case 1:04-cv-00094-CG-C   Document 170   Filed 09/15/2005   Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CANAL INSURANCE COMPANY,            :

    Plaintiff,                     :

vs.                                  : CA 04-0094-CG-C

GOLDEN PEANUT COMPANY, LLC,          :
et al.,
                                     :
    Defendants.

## SUPPLEMENTAL RULE 16(b) SCHEDULING ORDER

After consideration of the supplemental Fed.R.Civ.P. 26(f) report filed September 12, 2005 (Doc. 168), and the Court's record, the following scheduling order is entered pursuant to Fed.R.Civ.P. 16(b):

1. **ISSUES SUBJECT TO DISCOVERY.** The stay in this action is now **LIFTED** given the fact that the underlying action, 03-819-CG-B, was settled on or about August 16, 2005. The scope of outstanding discovery in this action has been established in Chief Judge Granade's Order of April 1, 2005 (Doc. 143): "**DISCOVERY is REOPENED** for the limited purpose of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverages and whether Canal has waived its right to assert its current position regarding these issues."

2. **DISCOVERY COMPLETION DATE.** The limited discovery authorized herein is to be completed on or before **February 15, 2006. Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.**

For all actions, "completed" means that all depositions have been taken; interrogatories, requests for admissions, and requests for production filed


EXHIBIT B

Case 2:06-mc-03286-MHT-WEC   Document 6-4   Filed 03/23/2006   Page 13 of 19
Case 2:06-mc-03286-MEF   Document 1   Filed 03/09/2006   Page 2 of 8
Case 1:04-cv-00094-CG-C   Document 170   Filed 09/15/2005   Page 2 of 7

and responded to; physical inspections and testing concluded; physical and mental examinations concluded; and motions to compel filed.

3.   INITIAL DISCLOSURES.   The initial disclosures required by Fed.R.Civ.P. 26(a)(1) have been exchanged.

4.   AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES. The parties do not anticipate amendments or joinder of parties.

5.   EXPERT TESTIMONY.   The parties have not identified a need for expert reports or testimony.

6.   PRETRIAL DISCLOSURES.   The information described in Fed.R.Civ.P. 26(a)(3) shall be **disclosed** not later than **April 24, 2006.**   The **filing** requirement of Fed.R.Civ.P. 26(a)(4) is met by the filing of the proposed pretrial order as required by Chief Judge Granade in all of her civil cases.

7.   SUPPLEMENTATION.   Supplementation of disclosures and responses as required by Fed.R.Civ.P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably." All supplementation shall be completed no later than **March 15, 2006.**

8.   FINAL PRETRIAL CONFERENCE.   This action shall be pretried by Chief Judge Callie V.S. Granade, on **May 15, 2006 at 2:30 p.m., in Mobile, Alabama.**   Requests for extending the convening of the pretrial conference will **be granted only if good cause for the extension has been exhibited. A COPY OF CHIEF JUDGE GRANADE'S STANDING ORDER GOVERNING HER FINAL PRETRIAL CONFERENCES IS ATTACHED. NO ADDITIONAL NOTICES REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE NECESSARY.**

9.   TRIAL DATE.   This non-jury trial shall be scheduled during the month of **June, 2006**, in Mobile, Alabama, the specific date to be set once the total number of actions to be tried that month is determined. The parties have estimated that this action will require 3-4 trial days.

2

Case 2:06-mc-03286-MHT-WEC   Document 6-4   Filed 03/23/2006   Page 14 of 19
Case 2:06-mc-03286-MEF   Document 1   Filed 03/09/2006   Page 3 of 8
Case 1:04-cv-00094-CG-C   Document 170   Filed 09/15/2005   Page 3 of 7

10. **DISCOVERY LIMITS**. Discovery is limited as follows:

   a. Not more than 25 interrogatories, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

   b. Not more than 10 depositions may be taken by each party, limited in duration as expressed by the parties in ¶ 5 of their Report;

   c. Not more than **two set(s) of** requests for admissions may be served by each party upon any other party. Responses are due within thirty (30) days of service;

   d. Not more than **two set(s) of** requests for production of documents may be served by each party upon any other party.[1] **Subpoenas duces tecum to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

   In applying these limits, all parties represented by the same counsel will be treated as a single party.

11. **DISCOVERY MOTIONS**. The following requirements pertain to discovery motions filed in this Court:

   a. **Conferencing by Counsel**. The conferencing requirement of Fed.R.Civ.P. 26(c), 37(a)(2), and 37(d) will be strictly enforced. This requirement will also apply to a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a) and a motion to determine sufficiency pursuant

---

[1] These written requests for documents are intended to aid the production of not only the documents identified pursuant to Rule 26(a)(1), but any other relevant documents. The requesting party is to follow the "rule of reasonableness" when deciding the number of requests that are necessary.

3

Case 2:06-mc-03286-MHT-WEC   Document 6-4   Filed 03/23/2006   Page 15 of 19
Case 2:06-mc-03286-MEF   Document 1   Filed 03/09/2006   Page 4 of 8
Case 1:04-cv-00094-CG-C   Document 170   Filed 09/15/2005   Page 4 of 7

to Fed.R.Civ.P. 36(a). Any such motion not containing the required certification will be stricken.[2]

b.   **Time of Filing; Form.**   A motion for protective order pursuant to Fed.R.Civ.P. 26(c), a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a), a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a), and a motion to compel pursuant to Fed.R.Civ.P. 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court. Any such motion shall quote in full (1) each interrogatory, request for admission or request for production to which the motion is addressed, or otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are not to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

c.   **Time for Responses.**   Unless within eleven (11) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion. Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any

---

[2]   Based on the undersigned's experience with the different interpretations practitioners have given to the mandate that they make a good faith effort to resolve discovery disputes before bringing them before the Court, some guidance is deemed necessary. All three referenced sections of the Federal Rules of Civil Procedure employ the same language, that the motions be accompanied by a certification that the movant "has in good faith conferred or attempted to confer" with other affected parties or persons, prior to seeking the Court's help in resolving discovery disputes. In this context, confer means "to have a conference; compare and exchange ideas; meet for discussion; converse." *Webster's New World Dictionary* (College Edition, 1968). A conference is "[a] meeting of several persons for deliberation, for the interchange of opinion, or for the removal of differences or disputes." *Black's Law Dictionary*, Rev. 4th ed. (1968). Therefore, simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes.

4

Case 2:06-mc-03286-MHT-WEC   Document 6-4   Filed 03/23/2006   Page 16 of 19
Case 2:06-mc-03286-MEF   Document 1   Filed 03/09/2006   Page 5 of 8
Case 1:04-cv-00094-CG-C   Document 170   Filed 09/15/2005   Page 5 of 7

affidavits and other documents setting forth or evidencing facts on which their response is based.

   d. <u>Direct Referrals</u>. Pursuant to local practice, all motions relating to discovery, which are filed prior to the final pretrial conference, will be referred directly to the undersigned for appropriate action. Motions filed after the final pretrial conference relating to the discovery process or seeking leave to engage in additional discovery will go to the trial judge initially.

   e. <u>Privilege or Protection of Trial Preparation Materials</u>. The provisions of Fed.R.Civ.P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked. Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production. The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u>, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules and published on the Court's website, **http://www.als.uscourts.gov**).

 12. **DISPOSITIVE MOTIONS**. The Court considers dispositive motions, particularly summary judgment motions, to be appropriate methods for pretrial resolution of claims or defenses, or portions thereof, that do not contain disputed material facts, thus reducing the triable issues. In order to ensure that these issues are presented in sufficient time for the Court to reach a decision prior to trial, the parties **shall** identify those claims or defenses that do not require a trial in a properly-supported dispositive motion, filed not later than **March 1, 2006.**

 13. <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>. Unless prior permission of the Court is given:

   a. Briefs filed in support of or in opposition to any motion shall comply with SD ALA LR 7.1(b) (June 1, 1997). The Court will look with disfavor upon a motion to exceed the page limitation and will only grant such a motion for extraordinary and compelling reasons.

5

Case 2:06-mc-03286-MHT-WEC   Document 6-4   Filed 03/23/2006   Page 17 of 19
Case 2:06-mc-03286-MEF   Document 1   Filed 03/09/2006   Page 6 of 8
Case 1:04-cv-00094-CG-C   Document 170   Filed 09/15/2005   Page 6 of 7

    b. Any application to the Court for an order shall comply with LR 5.1(c&d).

    c. Papers transmitted to the Court by facsimile will not be accepted for filing. A copy of this Court's policy regarding the faxing of documents may be obtained form the Clerk of the Court

  14. <u>MODIFICATION OF RULE 16 ORDERS</u>. All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court. An order entered after the final pretrial conference shall be modified only to prevent manifest injustice. Rule 16(b)&(e), Fed.R.Civ.P.

  15. <u>SETTLEMENT/ADR</u>. A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged in order to preserve scarce judicial resources and litigation costs. If settlement negotiations prove unsuccessful, the parties may seek further assistance through the procedures set forth in this Court's Alternative Dispute Resolution Plan. Accordingly, the parties are **ORDERED** to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure. The written assessment shall be filed as soon as possible during the discovery process but no later than the close of discovery. Rule 16(c)(9).

  16. <u>LOCAL RULES</u>. All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery, motions to dismiss and for summary judgment, and other matters. They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Company), but are amended from time to time. A current version may be obtained from the Clerk or downloaded from the Court's website, **http://www.als.uscourts.gov**. Local Rule 5.5(a) proscribes the filing of most discovery materials.

  17. <u>SANCTIONS</u>. The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall

Case 2:06-mc-03286-MHT-WEC   Document 6-4   Filed 03/23/2006   Page 18 of 19
Case 2:06-mc-03286-MEF   Document 1   Filed 03/09/2006   Page 7 of 8
Case 1:04-cv-00094-CG-C   Document 170   Filed 09/15/2005   Page 7 of 7

be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f).

DONE AND ORDERED this 14th day of September, 2005.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

7

Case 2:06-mc-03286-MHT-WEC   Document 6-4   Filed 03/23/2006   Page 19 of 19
Case 2:06-mc-03286-MEF   Document 1   Filed 03/09/2006   Page 8 of 8

Page 1 of 1

## Tony Higgins

**From:** Scott Salter [sms@starneslaw.com]
**Sent:** Tuesday, December 06, 2005 9:07 AM
**To:** Tony Higgins
**Attachments:** Revised Scheduling Order - Canal.pdf

Scott M. Salter
STARNES & ATCHISON LLP

---

NOTICE While this firm does not render tax advice, we nevertheless advise the following pursuant to IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor

This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (205) 868-6000 or by electronic mail, and delete this message and all copies and backups thereof. Thank you

12/6/2005