# Exhibit E

the corrected case style were served with the original Motion to Quash.

Accordingly, U.S. Fire and Golden Peanut respectfully request that the Court grant this

Motion to Amend or Correct.

A proposed amended Motion to Quash is attached hereto.

.

Respectfully submitted,

/s/ Carol Ann Smith
Carol Ann Smith, (ASB-3485-T81C)
Attorney for United States Fire Insurance
Company

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, Alabama 35209
Phone: (205) 802-2214
Fax: (205) 879-4445
casmith@smith-ely.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all
parties of record by:

| | |
|---|---|
| _____ | Hand Delivery |
| _____ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| __X__ | E-File |

on this the 17th day of March, 2006.

2

/s/ Carol Ann Smith
OF COUNSEL

cc:

Joseph Edward Bishop Stewart
K. Donald Simms
Austill, Lewis & Simms, P.C.
2101 Highland Avenue South
Suite 500
Birmingham, AL 35205

William E. Pipkin, Jr.
Austill, Lewis & Simms, Pipkin & Moore, P.C.
Commerce Building
Suite 508
118 North Royal Street
Mobile, AL 36602

Joseph Daniel Talmadge, Jr.
Stephen Mark Andrews
Morris, Cary, Andrews & Talmadge
3334 Ross Clark Circle
Dothan, AL 36302

Scott M. Salter
Starnes & Atchison, LLP
100 Brookwood Place
7th Floor
Birmingham, AL 35209

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, ) | |
| ) | |
|     Plaintiff(s), ) | |
| ) | |
| VS. ) | **CIVIL ACTION NO.** |
| ) | **2: 06-MC-3287-WHA** |
| CHRISTOPHER THOMAS, INC., ) | |
| ) | |
| JASON TILLERY, ) | |
| ) | |
| GOLDEN PEANUT COMPANY, LLC, ) | |
| ) | |
| UNITED STATES FIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| and ) | |
| ) | |
| ST. PAUL FIRE AND MARINE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
|     Defendant(s). ) | |

## UNITED STATES FIRE INSURANCE COMPANY'S AND GOLDEN PEANUT'S MOTION TO QUASH, OR ALTERNATIVELY, TO MODIFY PLAINTIFF'S SUBPOENA OF DEFENDANTS' FORMER ATTORNEY DOCUMENTS [1]

For the reasons stated below, Plaintiffs United States Fire Insurance Company ("U.S.

Fire") and Golden Peanut Company, LLC ("Golden Peanut"), object to and move to quash Canal

Insurance Company's ("Canal's") subpoena of documents to Anthony (Tony) Higgins, their

former attorney. That subpoena is attached as Exhibit "A."

---

[1] This action is closely related to two other miscellaneous cases filed in this district: 2:06-MC-3285, and 2:06-MC-3286. Although brought by different parties, these cases challenge the same subpoena on similar grounds. Canal Insurance Company issued the challenged subpoena in an action currently pending in the Southern District of Alabama, *Canal Insurance Co., Inc., v. Golden Peanut Co., LLC, et al.*, CV-04-0094-KD-C.

## Brief Statement of Facts

The subpoena at issue was served during a limited discovery period in a declaratory judgment action pending in United States District Court, Southern District of Alabama, *Canal Insurance Co., Inc., v. Golden Peanut Co., LLC, et al.*, CV-04-0094-KD-C. This action is pending before Judge Kristi DuBose and Magistrate Judge William Cassady. The declaratory judgment action arises out of an automobile accident in which tractor driver Jason Tillery, an employee of Christopher Thomas, Inc., was hauling a trailer that belonged to Golden Peanut. The issues remaining in that case involve the apportionment among insurers of responsibility for defense and indemnity in a wrongful death action arising out of the accident and filed against Tillery, Christopher Thomas, Inc., and Golden Peanut. The insurers whose policies are at issue are: Canal, U.S. Fire, and St. Paul Fire and Marine Insurance Company ("St. Paul").

On March 1, 2006, Canal Insurance Company, the Plaintiff in the declaratory judgment action, served on Tony Higgins a subpoena for production of numerous records. This subpoena was filed in the Middle District based on the fact that Mr. Higgins practices in Montgomery, Alabama. Mr. Higgins served as U.S. Fire's, Golden Peanut's, and St. Paul's attorney in the declaratory judgment action for a period of time, but is no longer representing them in that case. Mr. Higgins was also Golden Peanut's attorney in the underlying wrongful death action.

The formal discovery deadline in the declaratory judgment action was originally set for September 17, 2004. On February 4, 2005, in a reply brief in support of its summary judgment motion, and subsequently, in a motion to amend, Canal raised certain new defenses to coverage for Tillery. The other parties objected to the new coverage defenses as being prejudicial and

2

untimely, and also opposed Canal's raising of the new coverage defenses on grounds of waiver and estoppel.

After a hearing on March 30, 2005, Judge Callie V. S. Granade[2] ruled that Canal could raise the new coverage defenses. The Court further stated, "However, it is possible that Canal has waived its right to deny coverage to Tillery or assert that its policy is excess to all other coverage and defendants should be given the opportunity to conduct discovery concerning Canal's new positions. Therefore, the Court finds it appropriate to allow the parties to conduct discovery **on these issues** and to allow the defendants to rebut this recent assertion by Canal." Doc. 143, *April 1, 2–5 Order*, p. 5 (emphasis added), attached as Exhibit "B." The Court ordered that "[discovery] is [reopened] for the **limited purpose** of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *Id.* p. 6 (emphasis added). In subsequent scheduling orders allowing additional time for discovery, the Court reiterated the same limitations on the additional discovery. *See* Doc. 165, *April 28, 2005 Order*, ¶ 1; & Doc. 170, *September 15, 2005 Scheduling Order*, ¶ 1, attached as Exhibits "C" and "D."

Since the limited extension of the discovery deadline, Canal has attempted to engage in formal discovery that exceeds the bounds of discovery set by the Southern District in its Orders. Much of the discovery Canal seeks, including the subpoena of Tony Higgins's records, has no arguable relation to Canal's alleged defenses to its coverage responsibilities of Jason Tillery, or to whether Canal has waived or is estopped from asserting those defenses.

---

[2]Judge Granade originally presided over the declaratory judgment action. The action was transferred to Judge Kristi DuBose on January 3, 2006.

3

## Standard of Review

"On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(2)(A)(iii) & (iv).

## Argument

As explained below, the subpoena should be quashed because it violates the limited scope of discovery as permitted in the declaratory judgment action, thereby subjecting U.S. Fire and Golden Peanut to an undue burden. In addition, the subpoena should be quashed because it seeks privileged and protected material.

Pursuant to the Scheduling Orders entered in the declaratory judgment action, discovery is permissible at this time only as to "whether Canal's policy covers Jason Tillery, whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverages and whether Canal has waived its right to assert its current position regarding these issues." *See* Doc. 143, *April 1, 2005 Order*, pp. 5-6; Doc. 170, *September 15, 2005 Supplemental Scheduling Order* ¶ 1, attached as Exhibits "B" and "D." The subpoena seeks documents outside the limited scope of discovery permitted by the Scheduling Orders of the Southern District. Canal's demands for production of documents from U.S. Fire's and Golden Peanut's former attorney have no relation to any of the three areas of discovery outlined by the Southern District and are outside the limited scope of the Court's Orders, and, thus, the subpoena should be quashed.[3]

---

[3] A party has standing to oppose the subpoena of a nonparty when the subpoena violates case management orders issued under Fed. R. Civ. P. 16 and 25. *See, e.g., Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. 2005) (finding that a Defendant has "standing to move to quash or modify the subpoena of a nonparty based on inadequate notice" because "a party has standing to move to enforce the Court's orders and rules"); *Integra Lifesciences*

4

In addition, because it violates this scope of discovery as prescribed by the Court, the subpoena of U.S. Fire and Golden Peanut's attorney's records poses an undue burden to U.S. Fire and Golden Peanut. For example, in light of this Court's Orders, U.S. Fire and Golden Peanut cannot engage in discovery as to the issues on which Canal is trying to obtain discovery through the subpoena. To allow Canal's subpoena to stand would permit Canal alone to obtain discovery outside the limits set by the Court and, thus, may provide Canal an unfair advantage in this litigation. Furthermore, the subpoena should be quashed because it subjects U.S. Fire and Golden Peanut to the particularly *undue* burden and expense of having to litigate a case in which their former attorneys' protected and confidential files, communications, mental impressions, strategies, and legal theories have been publicized pursuant to a subpoena issued in violation of Court-imposed discovery limitations. Thus, the subpoena should be quashed because it is wholly aimed to obtain documents that are immaterial and irrelevant to the limited issues on which discovery was reopened by the Southern District Court, and because production of these documents will unduly burden U.S. Fire and Golden Peanut.

In addition, the subpoena of U.S. Fire and Golden Peanut's former attorney's records should be quashed because it requires the disclosure of privileged or other protected matter and, in so doing, subjects U.S. Fire and Golden Peanut to an undue burden. *See* Fed. R. Civ. P.

---

*I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 562 n.3 (S.D. Cal. 1999). In this case, U.S. Fire and Golden Peanut have standing to oppose the subpoena on the basis of undue burden because they are asserting their own right to prepare their case in reliance on this Court's Orders, and their own interests in preventing the undue burden they would face if Canal obtained discovery not permitted to any party, including U.S. Fire and Golden Peanut, under those Orders. *See Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551 ___ n.3; 2001 LEXIS 16961 at * 10 n.3 (N.D. Ga. 2001) ("[I]t appears to be the general rule of the federal courts that a party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed.'").

45(c)(3)(A)(iii) & (iv); *see also* Fed. R. Civ. P. 26(b)(1) (limiting discovery to material that is

"not privileged"); Fed. R. Civ. P. 26(b)(3) (protecting trial preparation material); Doc. 143, *April*

*1, 2005 Order*, pp. 5-6 (limited the scope of discovery permitted after expiration of the original

discovery deadline in this case); Doc. 170, *September 15, 2005 Scheduling Order* ¶ 1 (same).

The Federal Rules permit discovery only as to "any matter [] not privileged." *See* Fed. R.

Civ. P. 26(b)(1). Under Alabama law,[4]

> A client has a privilege to refuse to disclose and to prevent any other person from
> disclosing a confidential communication made for the purpose of facilitating the
> rendition of professional legal services to the client, (1) between the client or a
> representative of the client and the client's attorney or a representative of the
> attorney, or (2) between the attorney and a representative of the attorney, (3) by
> the client or a representative of the client or the client's attorney or a
> representative of the attorney to an attorney or a representative of an attorney
> representing another party concerning a matter of common interest, (4) between
> representative of the client and between the client and a representative of the
> client resulting from the specific request of, or at the express direction of, an
> attorney, or (5) among attorneys and their representative representing the same
> client.

Ala. R. Evid. 502.

Furthermore, a party's attorney's work product in anticipation of litigation is protected

under Rule 26(b)(3) as follows:

> [A] party may obtain discovery of documents and tangible things otherwise
> discoverable . . . and prepared in anticipation of litigation or for trial by or for
> another party or by or for that other party's representative (including the other
> party's attorney . . .) only upon a showing that the party seeking discovery has
> substantial need of the materials in the preparation of the party's case and that the

---

[4]"[I]n civil actions and proceedings, with respect to an element of a claim or defense as to
which State law supplies the rule of decision, the privilege of a witness, person, government, State,
or political subdivision thereof shall be determined in accordance with State law." Fed. R. Evid.
501; *see also Somer v. Johnson*, 704 F. 2d 1473, 1487 (11th Cir. 1983) (stating that, in a diversity
action, state law governs whether materials sought in discovery are privileged). This is a diversity
action; therefore, the existence of a privilege is governed by state law.

party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

However, even if a party is able to demonstrate substantial need for access to, and inability to otherwise obtain the equivalent of, materials created for another party by its attorney in anticipation of litigation, the court shall nevertheless "protect against disclosure of the mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation." *See* Fed. R. Civ. P. 26(b)(3).

Tony Higgins is U.S. Fire and Golden Peanut's former attorney.[5]  The subpoena requires him to produce documents related to his representation of U.S. Fire and Golden Peanut in this case such as:

- "any and all documents that relate, in any way, to Golden Peanut Company, LLC's[,] United States Fire Insurance Company's and/or U.S. Fire and Golden Peanut Fire and Marine Insurance Company's decision to demand defense and/or indemnity from Canal Insurance Company on or about January 7, 2004." (item1);

---

[5] Tony Higgins has also represented St. Paul in this action. (U.S. Fire and St. Paul insured Golden Peanut.)  Should the Court find that some of the documents subpoenaed by Canal were created solely for a client other than U.S. Fire and Golden Peanut or are not privileged as to U.S. Fire and Golden Peanut, U.S. Fire and Golden Peanut respectfully request that, for the reasons given in this motion for an order quashing the subpoena, the Court modify the subpoena to prevent discovery of any documents or things in which U.S. Fire and Golden Peanut has an attorney-client privilege or that were produced by U.S. Fire and Golden Peanut in anticipation of litigation. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv) (directing a court to "quash *or modify* a subpoena that requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden" (emphasis added)).

7

- "all communication sent to U.S. Fire and/or St. Paul regarding Canal's February 6, 2004 demand for . . . defense and/or indemnity . . . ." (item 2); and

- "all communications received from U.S. Fire and/or St. Paul regarding Canal's February 6, 2004 demand for . . . defense and/or indemnity . . . ." (item 3);

- "all documents that relate , in any way, to [Higgins'] written representation that [U.S. Fire] and/or [St. Paul] would respond to Canal's demand for defense and/or indemnity 'as quickly as possible'" (item 4);

- "all documents that relate , in any way, to Golden Peanut Company LLC's decision to answer interrogatories in the underlying lawsuit . . . and take the position that Golden Peanut was not a motor carrier under the ICC regulations" (item 5);

- "all documents where U.S. Fire instructed you to file a summary judgment motion and admit that Thomas and Tillery were insured under U.S. Fire's policies of insurance" (item 7).

On their face, these demands for production of documents, as well as all the other demands in the subpoena that are not listed here, are wholly directed at materials that reveal communications subject to the attorney-client privilege or documents that are the protected product of an attorney's work prepared for U.S. Fire and Golden Peanut in anticipation of litigation. *See* Ex. A. Canal has no need, substantial or otherwise, for the materials created in

8

anticipation of litigation, and cannot demonstrate an inability to legitimately obtain any information in them by another means.

Moreover, the subpoena's demands require disclosure of mental impressions, conclusions, opinions or legal theories of U.S. Fire and Golden Peanut's former attorney concerning the litigation, and would not be discoverable even if Canal could somehow made the requisite showing. *See id.* Therefore, the materials are not discoverable, and U.S. Fire and Golden Peanut are entitled to their protection from discovery.

Accordingly, the subpoena is due to be quashed.

## Conclusion

For the reasons stated above, the subpoena of Tony Higgins's documents violates the discovery limitations set by the Court, requires disclosure of privileged or other protected matters, and subjects U.S. Fire and Golden Peanut to undue burden. Therefore, U.S. Fire and Golden Peanut respectfully submit that the subpoena should be quashed.

Alternatively, should the Court find that some of the documents subpoenaed by Canal were created solely for a client other than U.S. Fire and Golden Peanut or are not privileged as to U.S. Fire and Golden Peanut, U.S. Fire and Golden Peanut respectfully request that, for the reasons given in this motion for an order quashing the subpoena, the Court modify the subpoena to prevent discovery of any documents or things in which U.S. Fire and Golden Peanut has an attorney-client privilege or that were produced for U.S. Fire and Golden Peanut in anticipation of litigation.

Magistrate Judge William E. Cassady in the Southern District has overseen and ruled upon discovery disputes in this case. Currently pending before Judge Cassady is U.S. Fire's

9

Motion for Protective Order relating to a request for production of documents that is similar to the subpoena issued to Tony Higgins. *See* Ex. E, *Motion for Protective Order*. Resolution of the Motion for Protective Order will require the resolution of issues related to the issues implicated in the foregoing motion to quash. For example, U.S. Fire's Motion for Protective Order seeks protection based on the Court-imposed limitations on the scope of discovery in the declaratory judgment action. **Based on Judge Cassady's familiarity with this action and the issues involved in the case, and to minimize the possibility of inconsistent discovery rulings, U.S. Fire and Golden Peanut respectfully request that the Middle District transfer this Motion to Judge William E. Cassady in the Southern District for hearing, ruling, and resolution.**

Respectfully submitted,

/s/ Carol Ann Smith
Carol Ann Smith, (ASB-3485-T81C)
Attorney for United State Fire
Insurance Company

**OF COUNSEL:**
Smith & Ely, LLP
2000-A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
Telephone: (205) 802-2214
Fax: (205) 879-4445
casmith@smith-ely.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

10

```
_____    Hand Delivery
_____    U. S. Mail
_____    Overnight Delivery
_____    Facsimile
   X       E-File
```

on this the _____ day of _____, 2006.

_____

OF COUNSEL

cc:

Joseph Edward Bishop Stewart
K. Donald Simms
Austill, Lewis & Simms, P.C.
2101 Highland Avenue South
Suite 500
Birmingham, AL 35205

William E. Pipkin, Jr.
Austill, Lewis & Simms, Pipkin & Moore, P.C.
Commerce Building
Suite 508
118 North Royal Street
Mobile, AL 36602

Joseph Daniel Talmadge, Jr.
Stephen Mark Andrews
Morris, Cary, Andrews & Talmadge
3334 Ross Clark Circle
Dothan, AL 36302

Scott M. Salter
Starnes & Atchison, LLP
100 Brookwood Place
7th Floor
Birmingham, AL 35209

11

# Exhibit "A"

Issued by the

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

Canal Insurance Company

**SUBPOENA IN A CIVIL CASE**

v.

Golden Peanut Company, LLC, et al.

Case Number:[1]

CV-04-0094-CG-C

TO:  Anthony Higgins
Nix Holtsford Gilliland Higgins & Histon, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128

In the United States District Court Southern District of Alabama

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Austill, Lewis & Simms, P.C.<br>2101 Highland Avenue South, Suite 500<br>Birmingham, Alabama 35205 (205) 870-3767 | After 14 days of service |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

DATE  3-31-06

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

K. Donald Simms
AUSTILL, LEWIS, & SIMMS, P.C.
2101 Highland Avenue South, Suite 500
Birmingham, AL 35205
(205) 870-3767

AO88 (Rev. 1/94) Subpoena in a Civil Case

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

| SERVED | |
|--------|--|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

_____ DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty an appropriate sanction which may party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT TO SUBPOENA TO
## Anthony Higgins

## Our File No. : 930-079

Counsel may redact his mental impressions from the requested documents below.

1. Produce any and all documents that relate, in any way, to Golden Peanut Company, LLC's United States Fire Insurance Company's and/or St. Paul Fire and Marine Insurance Company's decision to demand defense and/or indemnity from Canal Insurance Company on or about January 7, 2004.

2. Produce all communication sent to U.S. Fire and/or St. Paul regarding Canal's February 6, 2004 demand for demand for defense and/or indemnity made on behalf of Thomas and Tillery with respect to U.S. Fire's and St. Paul's policies of insurance.

3. Produce all communications received from U.S. Fire and/or St. Paul regarding Canal's February 6, 2004 demand for defense and/or indemnity made on behalf of Thomas and Tillery with respect to U.S. Fire's and St. Paul's policies of insurance.

4. Produce any and all documents that relate, in any way, to your written representation made on or about February 25, 2004 that United States Fire Insurance Company's and/or St. Paul Fire and Marine Insurance would respond to Canal's demand for defense and/or indemnity "as quickly as possible."

5. Produce any and all documents that relate, in any way, to Golden Peanut Company LLC's decision to answer interrogatories in the underlying lawsuit styled *Virginia L. Arnold and husband, James Arnold versus Christopher Thomas, Inc., incorrectly designated as Thomas Trucking, Inc., a corporation and Golden Peanut Company, LLC, in the United States District Court for the Southern District of Alabama (CV-03-0819-CG-C)* (hereinafter "the underlying lawsuit"), on or about March 19, 2004, and take the position that Golden Peanut was not a motor carrier under ICC Regulations.

6. Produce any and all documents that relate, in any way, to the affidavit signed by Dennis Robbins on or about November 24, 2004, wherein he stated that "[t]he agreement between Golden Peanut and Christopher Thomas, Inc., was an agreement for services, not a lease, contract of hire, bailment, rental agreement, or any similar contract or agreement pertaining to any specific equipment or vehicles".

7. Produce any and all documents that where U.S. Fire instructed you to file a summary judgment response and admit that Thomas and Tillery were insured under U.S. Fire's policies of insurance.

8. Produce any and all documents that relate, in any way, to U.S. Fire's decision to admit that Thomas and Tillery were permissive insured under both layers of U.S. Fire's coverages on or about November 29, 2004.

9. Produce any and all documents that relate, in any way, to U.S. Fire's and St. Paul's decision not to defend Thomas and Tillery in the underlying liability lawsuit.

10. Produce any and all documents that relate, in any way, to Golden Peanut's decision to object on or about November 30, 2004, to Canal's Request for Admission number 8, wherein Canal requested that Golden Peanut to admit or deny that Golden Peanut is a "motor carrier" as defined by 49 C. F. R. §387.5.

11. Produce any and all documents that relate, in any way, to the unqualified tender of $1,000,000.00 by U.S. Fire with regards to its Commercial Auto Policy on behalf of Golden Peanut, Thomas and Tillery in the underlying *Arnold* action that was made on or about January 28, 2005.

12. Produce any and all documents that relate, in any way, to the unqualified tender of $1,000,000.00 by US Fire with regards to its Commercial Auto Policy on behalf of Golden Peanut, Thomas and Tillery in the underlying *Arnold* action that was made on or about February 14, 2005.

13. Produce any and all responses from U.S. Fire and/or St. Paul to the demand made by Canal Insurance Company for coverage on behalf of Thomas and Tillery.

14. Produce any and all documents, correspondence or other communications that you sent to U.S. Fire and/or St. Paul regarding the demand made by Canal Insurance Company for coverage on behalf of Thomas and Tillery.

15. Produce any and all documents, correspondence or other communications that you received from U.S. Fire and/or St. Paul regarding the demand made by Canal Insurance Company for coverage on behalf of Thomas and Tillery.

# Exhibit "B"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | )    CIVIL ACTION NO. 04-0094-CG-C |
| CHRISTOPHER THOMAS, INC., et al., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ORDER

On March 30, 2004, a hearing was held on the following motions:

1) The motion to submit deposition transcript of Dennis Robbins filed by Golden Peanut Company, LLC ("Golden") and United States Fire Insurance Company ("U.S. Fire") in support of their motion for summary judgment and in opposition to plaintiff's motion for summary (Doc. 95).

2) The motion for leave to supplement answer and amended answer to complaint for declaratory judgment to assert affirmative defense of fraud filed by St. Paul Fire & Marine Insurance Company ("St. Paul"). (Doc. 99)

3) The motion to strike Canal's new request (in Doc. 104) for summary judgment that Canal's policy does not cover Jason Tillery filed by defendant U.S. Fire. (Doc. 107)

4) The motion to strike Canal's new request (in Doc. 104) for summary judgment that Canal's coverage is excess over all coverages filed by U.S. Fire. (Doc. 108)

5) The motion to strike Canal's new request (in Doc. 104) for summary judgment that Canal's policy does not cover Jason Tillery filed by Golden. (Doc .109)

6) The motion to strike Canal's new request (in Doc. 104) for summary judgment that Canal's coverage is excess over all coverages filed by Golden. (Doc. 110)

7) The motion to strike portions of Canal's reply brief in support of its motion for summary

1

judgment (in Doc. 104) in which Canal claims that Tillery is not a covered insured under Canal's policy filed by Christopher Thomas, Christopher Thomas, Inc., and Jason Tillery. (Doc 113).

8) The motion to strike Canal's reply brief (Docs. 104), or in the alternative, motion for leave to conduct discovery and file rebuttal, or in the alternative, motion to file rebuttal to Canal's reply briefs filed by St. Paul. (Doc. 114)

9) The motion for leave to amend and/or supplement its complaint for declaratory judgment to include that the claim that Jason Tillery is not covered under its policy filed by Canal Insurance Company (Canal). (Doc. 119)

10) The motion to amend the pleadings to conform with the evidence taken in this case filed by Canal. (Doc. 120)

11) The motion to declare that the affidavit testimony of Dennis Robbins was submitted by Golden Peanut and U.S. Fire in bad faith, and for an order a) striking all pleadings filed by U.S. Fire & Golden Peanut in support of their motion for summary judgment or in opposition to Canal's motion for summary judgment; b) granting Canal's motion for summary judgment ; c) granting Canal's motion to amend and/or supplement its complaint; and d) granting Canal's motion to amend the pleadings to conform with evidence in the case filed by Canal.(Doc. 125)

In addition to the above motions, the parties also discussed Canal's motion to strike a portion of the affidavit testimony of Dennis Robbins (Doc. 67). Golden conceded that it had no problem with the court striking paragraph 3 of Robbins' affidavit, and the court finds it appropriate to do so. At the hearing, the court orally **GRANTED** the motion of Golden and U.S. Fire to submit the deposition transcript of Dennis Robbins in support of their motion for summary judgment and in opposition to plaintiff's motion for summary (Doc. 95). After considering the arguments made at the hearing and reviewing the pleadings filed in this case, the court also finds it appropriate to grant St. Paul's motion for leave to supplement answer and amended answer (Doc. 99) and Canal's motion for leave to supplement its complaint (Doc. 119). The court further finds it appropriate to deny the motion to declare that the affidavit testimony of Dennis Robbins was submitted in bad faith (Doc. 125). As set

2

forth below, the remaining motions to strike (Docs. 107, 108, 109, 110, 113, 114) are also due to be denied, however, but the court will allow discovery on the issues and permit the defendants to rebut the coverage issues recently raised by Canal.

## DISCUSSION

### 1. Motion for leave to supplement answer (Doc. 99)

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires."

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).  While leave to amend under Rule 15(a) may be freely given, leave to amend after a scheduling order deadline will only be given upon a showing of "good cause" under Rule 16(b). Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998)  "Otherwise, scheduling order deadlines would be "meaningless" and the good cause requirement articulated by Rule 16(b) would effectively be read out of the Federal Rules of Civil Procedure." Anderson v. Board of School Comm'rs of Mobile County, AL, 78 F.Supp.2d 1266,1269 (S.D. Ala. 1999).  This "good cause standard...precludes modification of a scheduling order deadline unless...[the schedule] cannot be met despite the diligence of the party seeking the extension." Id. (citations and internal quotations omitted).  Plaintiff has the burden of showing that "extraodinary circumstances require it" and that "the parties have [already] diligently pursued discovery." Williams v. Baldwin County Comm'n, 203 F.R.D. 512, 516 (S.D. Ala. 2001); and (Doc. 37).

3

The court finds that defendant St. Paul has shown good cause why it should be allowed to supplement or amend its answer to include the affirmative defense of fraud. It was not known that Mr. Tillery would refuse to answer and assert his Fifth Amendment rights when asked whether he had been smoking pot on the date of the accident. Mr. Tillery's response potentially invokes the application of an exclusion contained in St. Paul's policy. Therefore, the court finds it appropriate to allow St. Paul to supplement or amend its answer.

2. Canal's motion for leave to supplement and amend (Docs. 119 and 120) and defendants' motions to strike (Docs. 107, 108, 109, 110, 113, 114).

Canal's policy contains a "Truckman's Endorsement" which states that coverage does not extend "to any person, firm or organization using the described automobile pursuant to any lease, contract for hire, bailment, rental agreement, or any similar contract or agreement." In that event, "the insurance afforded the named insured shall be excess insurance over any other insurance."

Defendants contend that Canal should be judicially estopped from asserting that Canal's Truckman's Endorsement makes Canal's coverage excess to all other coverage, or that the Truckman's Endorsement precludes coverage for Tillery. According to defendants, these positions are inconsistent with Canal's previous positions in this litigation. Defendants further assert that because Canal has been representing Tillery in the underlying action without a reservation of rights, Canal is estopped from denying coverage for Tillery. At the hearing, new issues were raised concerning whether Canal has, in fact, represented Tillery in the underlying action. No evidence concerning this issue was presented. Canal asserts that its new assertions are not inconsistent with its previous pleadings and were raised only in response to defendants' motions. Canal further asserts that it did not learn until recently that

4

Tillery was a statutory employee of Golden and that Golden was a motor carrier.

The court finds that Canal has shown good cause to assert the coverage issue in response to defendants' motions for summary judgment, and **GRANTS** Canal's second motion to amend or supplement the second amended complaint.[1] The court also finds that defendants' motions to strike should be **DENIED**. However, it is possible that Canal has waived its right to deny coverage to Tillery or assert that its policy is excess to all other coverage and defendants should be given the opportunity to conduct discovery concerning Canal's new positions. Therefore, the court finds it appropriate to allow the parties to conduct discovery on these issues and to allow the defendants to rebut this recent assertion by Canal. The matter is referred to the magistrate judge to establish a schedule for discovery and response on these newly-raised coverage issues.

**3. Canal's motion to declare that the affidavit testimony of Dennis Robbins was submitted in bad faith (Doc. 125)**

The court finds that Canal has not demonstrated that the affidavit testimony of Dennis Robbins was submitted in bad faith. Therefore, that motion is **DENIED**.

## CONCLUSION

For the reasons stated above, the court orders the following:

1.) Canal's motion to strike a portion of the affidavit testimony of Dennis Robbins (Doc. 67) is **GRANTED** to the extent that paragraph 3 of Robbins' affidavit is hereby **STRICKEN**;

---

[1] Granting the motion to amend/supplement the amended complaint **MOOTS** Canal's motion to amend the pleadings to conform with the evidence.

5

2.) St. Paul's motion for leave to supplement answer and amended answer to complaint for declaratory judgment to assert affirmative defense of fraud (Doc. 99) is **GRANTED**;

3.) Canal's second motion for leave to amend or supplement its amended complaint (Doc. 119) is **GRANTED**;

4.) Canal's motion to amend the pleadings to conform with the evidence taken in this case (Doc. 120) is **MOOT**;

5.) Canal's motion to declare that the affidavit testimony of Dennis Robbins was submitted in bad faith (Doc. 125) is **DENIED**; and

6.) Defendants' motions to strike (Docs. 107, 108, 109, 110, 113, 114) are **DENIED**, however, **DISCOVERY** is **REOPENED** for the limited purpose of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding these issues.

The clerk is directed to refer the matter to the Magistrate Judge to establish a discovery and response schedule on newly-raised coverage issues.

**DONE** and **ORDERED** this 1st day of April, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

6

# Exhibit "C"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

CANAL INSURANCE COMPANY,          :

      Plaintiff,

                        :

vs.

                       : CA 04-0094-CG-C

GOLDEN PEANUT COMPANY, LLC.,      :
et al.,

      Defendants.                     :

## SUPPLEMENTAL RULE 16(b) SCHEDULING ORDER

After consideration of the Fed.R.Civ.P. 26(f) report filed April 14, 2005, and the pleadings of the parties, the following scheduling order is entered pursuant to Fed.R.Civ.P. 16(b):

1.     **ISSUES SUBJECT TO DISCOVERY**.    The specific discovery issues remaining are those contained in the Court's Order of April 1, 2005, Paragraph 6, Page 6 and identified in the Rule 26(f) Report, Paragraph 1.

2.     **DISCOVERY COMPLETION DATE**. All discovery is to be completed on or before **September 1, 2005**. **Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.**

For all actions, "completed" means that all depositions have been taken; interrogatories, requests for admissions, and requests for production filed and responded to; physical inspections and testing concluded; physical and mental examinations concluded; and motions to compel filed.

3.     **INITIAL DISCLOSURES**.    The initial disclosures required by Fed.R.Civ.P. 26(a)(1) **have been** exchanged.

4.   AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES.
The parties do not anticipate amendments of the pleadings or joinder of parties.

5.   EXPERT TESTIMONY.   The expert reports as required by
Fed.R.Civ.P. 26(a)(2)(B) shall be produced by plaintiff(s) on or before July 2,
2005 and by defendant(s) on or before **August 1, 2005.** Rebuttal evidence,
authorized by Rule 26(a)(2)(C), shall be disclosed on or before **August 1, 2005**
by defendant(s) and **September 1, 2005** by plaintiff(s).   **An expert's
deposition, must be noticed and completed within thirty (30) days**
of the date on which the expert's report is disclosed.

6.   PRETRIAL DISCLOSURES.   The information described in
Fed.R.Civ.P. 26(a)(3) shall be disclosed not later than **October 31, 2005.** The
filing requirement of Fed.R.Civ.P. 26(a)(4) is met by the filing of the proposed
pretrial order as required by Chief Judge Granade in all of her civil cases.

7.   SUPPLEMENTATION.   Supplementation of disclosures and
responses as required by Fed.R.Civ.P. 26(e) is to be accomplished "at
appropriate intervals" and "seasonably." All supplementation shall be completed
no later than **October 2, 2005.**

8.   FINAL PRETRIAL CONFERENCE. This action shall be pretried
by Chief Judge Callie V.S. Granade, on **November 21, 2005 at 10:30 a.m.,** in
**Mobile, Alabama.**   Requests for extending the convening of the pretrial
conference **will be granted only if good cause for the extension has been
exhibited. A COPY OF CHIEF JUDGE GRANADE'S STANDING ORDER
GOVERNING HER FINAL PRETRIAL CONFERENCES IS ATTACHED.
NO ADDITIONAL NOTICES REGARDING THE FINAL PRETRIAL
CONFERENCE WILL BE NECESSARY.**

9.   TRIAL DATE. This non-jury action is set for trial during the
month of **December, 2005,** in Mobile, Alabama, the specific date to be set once
the total number of actions to be tried that month is determined.   The parties
have estimated that this action will require 3-4 trial days.

2

10.    DISCOVERY LIMITS. Discovery is limited as follows:

  a. Not more than 40 interrogatories, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

  b. Not more than 5 depositions may be taken by each party, limited in duration as expressed by the parties in ¶ 6 of their Report;

  c. Not more than two set(s) of requests for admissions may be served by each party upon any other party. Responses are due within thirty (30) days of service;

  d. Not more than two set(s) of requests for production of documents may be served by each party upon any other party.[1] Subpoenas duces tecum to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.

 In applying these limits, all parties represented by the same counsel will be treated as a single party.

11.    DISCOVERY MOTIONS. The following requirements pertain to discovery motions filed in this Court:

  a. Conferencing by Counsel. The conferencing requirement of Fed.R.Civ.P. 26(c), 37(a)(2), and 37(d) will be strictly enforced. This requirement will also apply to a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a) and a motion to determine sufficiency pursuant

---

[1] These written requests for documents are intended to aid the production of not only the documents identified pursuant to Rule 26(a)(1), but any other relevant documents. The requesting party is to follow the "rule of reasonableness" when deciding the number of requests that are necessary.

to Fed.R.Civ.P. 36(a). Any such motion not containing the required certification will be stricken.[2]

      b.    <u>Time of Filing: Form</u>. A motion for protective order pursuant to Fed.R.Civ.P. 26(c), a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a), a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a), and a motion to compel pursuant to Fed.R.Civ.P. 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court. Any such motion shall quote <u>in full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

      c.    <u>Time for Responses</u>. Unless within eleven (11) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion. Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any

---

    [2]    Based on the undersigned's experience with the different interpretations practitioners have given to the mandate that they make a good faith effort to resolve discovery disputes before bringing them before the Court, some guidance is deemed necessary. All three referenced sections of the Federal Rules of Civil Procedure employ the same language, that the motions be accompanied by a certification that the movant "has in good faith conferred or attempted to confer" with other affected parties or persons, prior to seeking the Court's help in resolving discovery disputes. In this context, confer means "to have a conference; compare and exchange ideas; meet for discussion; converse." *Webster's New World Dictionary* (College Edition, 1968). A conference is "[a] meeting of several persons for deliberation, for the interchange of opinion, or for the removal of differences or disputes." *Black's Law Dictionary*, Rev. 4th ed. (1968). Therefore, simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes.

4

affidavits and other documents setting forth or evidencing facts on which their response is based.

      d.    <u>Direct Referrals</u>.  Pursuant to local practice, all motions relating to discovery, which are filed prior to the final pretrial conference, will be referred directly to the undersigned for appropriate action.  Motions filed after the final pretrial conference relating to the discovery process or seeking leave to engage in additional discovery will go to the trial judge initially.

      e.    <u>Privilege or Protection of Trial Preparation Materials</u>.  The provisions of Fed.R.Civ.P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked.  Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production.  The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u>, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules and published on the Court's website, <u>http://www.als.uscourts.gov</u>).

    12.    **DISPOSITIVE MOTIONS**.  The Court considers dispositive motions, particularly summary judgment motions, to be appropriate methods for pretrial resolution of claims or defenses, or portions thereof, that do not contain disputed material facts, thus reducing the triable issues.  In order to ensure that these issues are presented in sufficient time for the Court to reach a decision prior to trial, the parties shall identify those claims or defenses that do not require a trial in a properly-supported dispositive motion, filed not later than **September 15, 2005.**

    13.    <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>. Unless prior permission of the Court is given:

      a.    Briefs filed in support of or in opposition to any motion shall comply with SD ALA LR 7.1(b) (June 1, 1997). The Court will look with disfavor upon a motion to exceed the page limitation and will only grant such a motion for extraordinary and compelling reasons.

Case 2:02-cv-03262-MHT-WC Document 6 Filed 05/04/2006 Page 7 of 9
Case 1:04-cv-00094-KD-C Document 165-1 Filed 04/28/2005 Page 6 of 7
Page 33 of 75

b.    Any application to the Court for an order shall comply with LR 5.1(c&d).

c.    Papers transmitted to the Court by facsimile will not be accepted for filing.   A copy of this Court's policy regarding the faxing of documents may be obtained form the Clerk of the Court

14.    MODIFICATION OF RULE 16 ORDERS.    All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court.  An order entered after the final pretrial conference shall be modified only to prevent manifest injustice.    Rule 16(b)&(e), Fed.R.Civ.P.

15.    SETTLEMENT/ADR.  A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged in order to preserve scarce judicial resources and litigation costs.    If settlement negotiations prove unsuccessful, the parties may seek further assistance through the procedures set forth in this Court's Alternative Dispute Resolution Plan.    Accordingly, the parties are ORDERED to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure.  The written assessment shall be filed as soon as possible during the discovery process but no later than the close of discovery. Rule 16(c)(9).

16.    LOCAL RULES.  All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery,    motions to dismiss and for summary judgment, and other matters. They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Company), but are amended from time to time.    A current version may be obtained from the Clerk or downloaded from the Court's website,  http://www.als.uscourts.gov.  Local Rule 5.5(a) proscribes the filing of most discovery materials.

17.    SANCTIONS.    The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall

6

be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f).

DONE AND ORDERED this 28th day of April, 2005.

s/WILLIAM E.CASSADY
UNITED STATES MAGISTRATE JUDGE

# Exhibit "D"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

CANAL INSURANCE COMPANY,                    :

      Plaintiff,                                    :

vs.

                                : CA 04-0094-CG-C

GOLDEN PEANUT COMPANY, LLC,                 :
et al.,

      Defendants.                                    :

## SUPPLEMENTAL RULE 16(b) SCHEDULING ORDER

After consideration of the supplemental Fed.R.Civ.P. 26(f) report filed September 12, 2005 (Doc. 168), and the Court's record, the following scheduling order is entered pursuant to Fed.R.Civ.P. 16(b):

1.    ISSUES SUBJECT TO DISCOVERY.    The stay in this action is now LIFTED given the fact that the underlying action, 03-819-CG-B, was settled on or about August 16, 2005. The scope of outstanding discovery in this action has been established in Chief Judge Granade's Order of April 1, 2005 (Doc. 143): "DISCOVERY is REOPENED for the limited purpose of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverages and whether Canal has waived its right to assert its current position regarding these issues."

2.    DISCOVERY COMPLETION DATE.    The limited discovery authorized herein is to be completed on or before February 15, 2006. Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it <u>and</u> (2) that the parties have diligently pursued discovery.

For all actions, "completed" means that all depositions have been taken; interrogatories, requests for admissions, and requests for production filed

and responded to; physical inspections and testing concluded; physical and mental examinations concluded; and motions to compel filed.

3.    INITIAL DISCLOSURES.    The initial disclosures required by Fed.R.Civ.P. 26(a)(1) have been exchanged.

4.    AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES. The parties do not anticipate amendments or joinder of parties.

5.    EXPERT TESTIMONY.    The parties have not identified a need for expert reports or testimony.

6.    PRETRIAL DISCLOSURES.    The information described in Fed.R.Civ.P. 26(a)(3) shall be disclosed not later than April 24, 2006. The filing requirement of Fed.R.Civ.P. 26(a)(4) is met by the filing of the proposed pretrial order as required by Chief Judge Granade in all of her civil cases.

7.    SUPPLEMENTATION.    Supplementation of disclosures and responses as required by Fed.R.Civ.P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably." All supplementation shall be completed no later than March 15, 2006.

8.    FINAL PRETRIAL CONFERENCE. This action shall be pretried by Chief Judge Callie V.S. Granade, on May 15, 2006 at 2:30 p.m., in Mobile, Alabama. Requests for extending the convening of the pretrial conference will be granted only if good cause for the extension has been exhibited. A COPY OF CHIEF JUDGE GRANADE'S STANDING ORDER GOVERNING HER FINAL PRETRIAL CONFERENCES IS ATTACHED. NO ADDITIONAL NOTICES REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE NECESSARY.

9.    TRIAL DATE.    This non-jury trial shall be scheduled during the month of June, 2006, in Mobile, Alabama, the specific date to be set once the total number of actions to be tried that month is determined. The parties have estimated that this action will require 3-4 trial days.

2

10.    DISCOVERY LIMITS. Discovery is limited as follows:

    a.    Not more than 25 interrogatories, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

    b.    Not more than 10 depositions may be taken by each party, limited in duration as expressed by the parties in ¶ 5 of their Report;

    c.    Not more than two set(s) of requests for admissions may be served by each party upon any other party. Responses are due within thirty (30) days of service;

    d.    Not more than two set(s) of requests for production of documents may be served by each party upon any other party.[1]  **Subpoenas duces tecum to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

In applying these limits, all parties represented by the same counsel will be treated as a single party.

11.    DISCOVERY MOTIONS. The following requirements pertain to discovery motions filed in this Court:

    a.    Conferencing by Counsel. The conferencing requirement of Fed.R.Civ.P. 26(c), 37(a)(2), and 37(d) will be strictly enforced. This requirement will also apply to a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a) and a motion to determine sufficiency pursuant

---

[1]    These written requests for documents are intended to aid the production of not only the documents identified pursuant to Rule 26(a)(1), but any other relevant documents. The requesting party is to follow the "rule of reasonableness" when deciding the number of requests that are necessary.

3

to Fed.R.Civ.P. 36(a). Any such motion not containing the required certification will be stricken.[2]

      b.     Time of Filing: Form.  A motion for protective order pursuant to Fed.R.Civ.P. 26(c), a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a), a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a), and a motion to compel pursuant to Fed.R.Civ.P. 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court. Any such motion shall quote in full (1) each interrogatory, request for admission or request for production to which the motion is addressed, or otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are not to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

      c.     Time for Responses. Unless within eleven (11) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion. Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any

---

²    Based on the undersigned's experience with the different interpretations practitioners have given to the mandate that they make a good faith effort to resolve discovery disputes before bringing them before the Court, some guidance is deemed necessary. All three referenced sections of the Federal Rules of Civil Procedure employ the same language, that the motions be accompanied by a certification that the movant "has in good faith conferred or attempted to confer" with other affected parties or persons, prior to seeking the Court's help in resolving discovery disputes. In this context, confer means "to have a conference; compare and exchange ideas; meet for discussion; converse." *Webster's New World Dictionary* (College Edition, 1968). A conference is "[a] meeting of several persons for deliberation, for the interchange of opinion, or for the removal of differences or disputes." *Black's Law Dictionary*, Rev. 4th ed. (1968). Therefore, simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes.

4

affidavits and other documents setting forth or evidencing facts on which their response is based.

d.    Direct Referrals.    Pursuant to local practice, all motions relating to discovery, which are filed prior to the final pretrial conference, will be referred directly to the undersigned for appropriate action.    Motions filed after the final pretrial conference relating to the discovery process or seeking leave to engage in additional discovery will go to the trial judge initially.

e.    Privilege or Protection of Trial Preparation Materials.    The provisions of Fed.R.Civ.P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked.    Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production.    The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the Introduction to Civil Discovery Practice in the Southern District of Alabama, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules and published on the Court's website, http://www.als.uscourts.gov).

12.    **DISPOSITIVE MOTIONS.**    The Court considers dispositive motions, particularly summary judgment motions, to be appropriate methods for pretrial resolution of claims or defenses, or portions thereof, that do not contain disputed material facts, thus reducing the triable issues.    In order to ensure that these issues are presented in sufficient time for the Court to reach a decision prior to trial, the parties **shall** identify those claims or defenses that do not require a trial in a properly-supported dispositive motion, filed not later than **March 1, 2006.**

13.    BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS.    Unless prior permission of the Court is given:

a.    Briefs filed in support of or in opposition to any motion shall comply with SD ALA LR 7.1(b) (June 1, 1997).    The Court will look with disfavor upon a motion to exceed the page limitation and will only grant such a motion for extraordinary and compelling reasons.

5

b. Any application to the Court for an order shall comply with LR 5.1(c&d).

c. Papers transmitted to the Court by facsimile will not be accepted for filing. A copy of this Court's policy regarding the faxing of documents may be obtained form the Clerk of the Court

14. MODIFICATION OF RULE 16 ORDERS. All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court. An order entered after the final pretrial conference shall be modified only to prevent manifest injustice. Rule 16(b)&(e), Fed.R.Civ.P.

15. SETTLEMENT/ADR. A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged in order to preserve scarce judicial resources and litigation costs. If settlement negotiations prove unsuccessful, the parties may seek further assistance through the procedures set forth in this Court's Alternative Dispute Resolution Plan. Accordingly, the parties are ORDERED to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure. The written assessment shall be filed as soon as possible during the discovery process but no later than the close of discovery. Rule 16(c)(9).

16. LOCAL RULES. All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery, motions to dismiss and for summary judgment, and other matters. They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Company), but are amended from time to time. A current version may be obtained from the Clerk or downloaded from the Court's website, http://www.als.uscourts.gov. Local Rule 5.5(a) proscribes the filing of most discovery materials.

17. SANCTIONS. The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall

6

be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f).

DONE AND ORDERED this 14th day of September, 2005.

s/WILLIAM E.CASSADY
UNITED STATES MAGISTRATE JUDGE

7

# Exhibit E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) |
|     Plaintiff(s), | ) |
| | ) |
| vs. | )    **CIVIL ACTION NO. 04-94-KD-C** |
| | ) |
| UNITED STATES FIRE | ) |
| INSURANCE COMPANY, et al, | ) |
| | ) |
|     Defendant(s). | ) |

## U.S. FIRE'S MOTION FOR PROTECTIVE ORDER

For the reasons stated below, Defendant U.S. Fire Insurance Company ("U.S. Fire") moves for a protective order protecting it from having to produce a privilege log or otherwise respond to discovery that exceeds the limits set for discovery in the Court's Orders of April 1, 2005, April 28, 2005, and September 15, 2005.

Canal has served certain document requests on U.S. Fire. *See* Ex. A. Those document requests seek material that is not discoverable because the requests are outside the bounds of discovery now permitted by this Court. In addition, by their express terms, the requests are wholly directed at obtaining attorney-client communications, protected trial preparation materials, attorney work-product materials, attorney mental impressions, and records of attorney mental processes.[1]

---

[1] For example, Canal requests "[a]ny and all records related to the receipt of Correspondence from [U.S. Fire's former attorney] Tony Higgins" regarding Canal's demands that U.S. Fire provide

Despite the fact that Canal's entire line of inquiry lies outside the currently-permitted bounds of discovery, Canal has demanded that U.S. Fire produce a privilege log to substantiate its claims of privilege and protection. However, the letter and spirit of the Rules and this Court's Orders do not require a party to undergo the burden and expense of producing a privilege log unless the material is "otherwise discoverable." *See* Fed. R. Civ. P. 26(b) (5) (requiring a privilege log only as to material that is "otherwise discoverable"); Fed. R. Civ. P. 26 (1993 Advisory Committee Notes to paragraph (b)(5)); Doc. 170, *Supplemental Rule 16(b) Scheduling Order*, p. 5 (stating that "[t]he provisions of Fed. R. Civ. P. 26(b)(5) will be strictly enforced"); *United States v. Philip Morris, Inc.*, 314 F.3d 612, 621 (D.C. Cir. 2003).

U.S. Fire and Canal have worked together in a good faith attempt to resolve this dispute without the necessity of Court intervention. *See, e.g.*, Exs. C & D.[2] However, those efforts have been unsuccessful, and U.S. Fire now moves for an Order protecting it from the annoyance, oppression, and undue and unreasonable

---

defense and indemnity to Jason Tillery and Christopher Thomas Inc., two of the defendants in the underlying action that gave rise to this coverage case. *See* Ex. A, Document Request 1.

[2]In addition to the correspondence attached to this motion, U.S. Fire and Canal also conferred by telephone in an attempt to resolve this matter without Court intervention.

2

burden and expense of subjection to document requests that are not relevant to the
scope of discovery permitted by the express Orders of this Court.

The full text of each request for production to which this motion is addressed,
and each objection thereto, accompanies this motion. *See* Exs. A & B. Tony Higgins,
who is referenced in the document requests, is U.S. Fire's former attorney in this
action, and was U.S. Fire's attorney in the underlying action.

## I.   Brief Procedural Background: the Context of the Current Limitations on Discovery

This declaratory judgment action arises out of an automobile accident in which
tractor driver Jason Tillery, an employee of Christopher Thomas, Inc. ("CTI"), was
hauling a trailer that belonged to Golden Peanut. The issues remaining in this case
involve the apportionment among insurers of responsibility for defense and indemnity
in a wrongful death action arising out of the accident and filed against Tillery, CTI,
and Golden Peanut.

The formal discovery deadline in this case was originally set for December 17,
2004. *See* Doc. 52. On February 4, 2005, in a reply brief in support of its summary
judgment motion, and, on February 14, 2005, in motions to amend pleadings, Canal
raised certain new defenses to coverage for Tillery. Specifically, Canal argued for the
first time that it owed no coverage to Tillery and that its policy was excess over all

3

other coverage. The other parties, including U.S. Fire, objected to Canal's new arguments as being prejudicially untimely in light of the fact that the discovery and dispositive motion deadlines had run, leaving them without an opportunity to conduct discovery on or respond to Canal's new positions. They also argued that Canal had waived, or was estopped from taking, its new positions.

After a hearing on March 30, 2005, this Court ruled that Canal could raise the new coverage defenses. The Court further stated, "However, it is possible that Canal has waived its right to deny coverage to Tillery or assert that its policy is excess to all other coverage and **defendants should be given the opportunity to conduct discovery concerning Canal's new positions.** Therefore, the court finds it appropriate to allow the parties to conduct discovery **on these issues and to allow the defendants to rebut this recent assertion by Canal.**" Doc. 143, *April 1, 2005 Order*, p. 5 (emphasis added).

The Court then ordered that "[discovery] is [reopened] for the **limited purpose** of determining **whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues.**" *Id.*, p. 6 (emphasis added). In subsequent scheduling orders allowing additional time for discovery, the Court

4

reiterated the same discovery limitations. *See* Doc. 170, *September 15, 2005 Scheduling Order* ¶ 1; *see also, e.g.*, Doc. 165, *April 28, 2005 Order*, ¶ 1.

## II.   **Standard of Review**

Federal Rule of Civil Procedure 26(c) provides that, "upon motion by a party or by the person from whom discovery is sought, . . . for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Further, the 1993 Advisory Committee Notes to Federal Rule of Civil Procedure 26 state that "[a] party can seek relief through a protective order under subdivision (c) if compliance with the requirement for providing [a privilege log] would be an unreasonable burden."

Rule 26(b)(5) requires that,

> [w]hen a party withholds information **otherwise discoverable** under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

(emphasis added).

5

## Argument

"The obligation [under Rule 26(b)(5)] to provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.'" Fed. Rule Civ. P. 26 (1993 Advisory Committee Notes).[3] Neither Rule 26(b)(5) nor this Court's Orders subject a party to the unreasonable and undue burden, oppression, annoyance, and expense of engaging in the empty exercise of

---

[3] *See also United States v. Philip Morris, Inc.*, 314 F.3d 612, 621 (D.C. Cir. 2003) (emphasis added; citations omitted):

> [Rule 26(b)(5)] provides that any party claiming privilege for a document requested during discovery shall log the document on a privilege log. The 1993 Advisory Committee Notes explain the application of the rule when a party has pending objections to the document request. The Notes provide that the court should first rule on the pending objections and then, if it overrules those objections, give the party claiming privilege an opportunity to log the allegedly privileged documents. In short, <u>if a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections</u>.

The 1993 Advisory Committee Notes to Rule 26(b)(5) provide the following example, illustrating that a privilege log is not required in the presence of "good faith" objections that the requested material is not "otherwise discoverable":

> If a broad discovery request is made—for example, for all documents of a particular type during a twenty year period—and the responding party believes in good faith that production of documents for more than the past three years would be unduly burdensome, it should make its objection to the breadth of the request and, with respect to the documents generated in that three year period, produce the unprivileged documents and describe those withheld under the claim of privilege. If the court later rules that documents for a seven year period are properly discoverable, the documents for the additional four years should then be either produced (if not privileged) or described (if claimed to be privileged).

Fed. R. Civ. P. 26 (1993 Advisory Committee Notes).

6

producing a privilege log to substantiate claims of privilege in response to discovery requests seeking material that is not "otherwise discoverable" in the first place.[4] Accordingly, U.S. Fire is entitled to an order protecting it from having to produce a privilege log or otherwise respond to document requests that violate the scope of discovery as prescribed by this Court.

Here, Canal's document requests do not seek material that is otherwise discoverable because the requests fall outside the limits of discovery permitted by the Court's Orders. In short, each of Canal's document requests seeks to discover material related to the substance, timing, and rationale of U.S. Fire's investigations and litigation decisions in relation to whether U.S. Fire owed coverage to CTI and Jason Tillery. *See generally* Exhibit A. However, the timing and substance of U.S. Fire's decisions as to whether U.S. Fire's policy covered CTI and Tillery, and U.S. Fire's reasons for making those decisions, are not relevant to the limited basis on which the Court reopened discovery after the expiration of the original discovery and dispositive motion deadlines: "[discovery] is [reopened] for the **limited purpose** of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is

---

[4]*See* Fed. R. Civ. P. 26(b)(5); Fed. R. Civ. P. 26 (1993 Advisory Committee Notes to Rule 26(b)(5)); Doc. 170, *Supplemental Rule 16(b) Scheduling Order*, p. 5 (stating that "[t]he provisions of Fed. R. Civ. P. 26(b)(5) will be strictly enforced"); *see also, e.g., United States v. Philip Morris, Inc.*, 314 F.3d 612, 621 (D.C. Cir. 2003).

7

excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 165, *April 28, 2005, Order,* ¶ 1; Doc. 170 (emphasis added); *see also September 15, 2005 Scheduling Order* ¶ 1.

Accordingly, U.S. Fire is entitled to an order protecting it from the having to produce a privilege log or otherwise respond to discovery requests that violate the scope of discovery as circumscribed by this Court's express Orders.

## III.   Requested Relief

For the reasons stated above, U.S. Fire respectfully requests the Court to enter an Order protecting it from  the annoyance, oppression, and undue burden and expense of having to compile a privilege log to substantiate that its attorney-client communications and protected work product materials are indeed privileged, when the requested materials are not relevant or otherwise discoverable in the first instance. Attached  as Exhibit E to this motion is a proposed Protective Order.

Alternatively, U.S. Fire respectfully requests that the Court require Canal to pay the costs of compiling such a privilege log, to relieve U.S. Fire of the undue burden and expense of having to compile such a log in response to requests for material that is not otherwise discoverable.

8

s/ Elizabeth Bowles

Elizabeth H. Bowles (ASB-7308-A54B) (BOWLE7308)
Carol Ann Smith (ASB-3485-T81C)
Joel S. Isenberg (ASB-8855-N76J)

**OF COUNSEL:**
Smith & Ely, LLP
2000-A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
Telephone: (205) 802-2214
Fax: (205) 879-4445

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

|       | Hand Delivery      |
| ----- | ------------------ |
|       | U. S. Mail         |
|       | Overnight Delivery |
|       | Facsimile          |
|   x   | E-File             |

on this the 7ᵗʰ day of March, 2006.

s/ Elizabeth Bowles
OF COUNSEL

cc:

Joseph Edward Bishop Stewart
K. Donald Simms
Austill, Lewis & Simms, P.C.
2101 Highland Avenue South

9

Suite 500
Birmingham, AL 35205

William E. Pipkin, Jr.
Austill, Lewis & Simms, Pipkin & Moore, P.C.
Commerce Building
Suite 508
118 North Royal Street
Mobile, AL 36602

Joseph Daniel Talmadge, Jr.
Stephen Mark Andrews
Morris, Cary, Andrews & Talmadge
3334 Ross Clark Circle
Dothan, AL 36302

Scott M. Salter
Starnes & Atchison, LLP
100 Brookwood Place
7th Floor
Birmingham, AL 35209

10

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER THOMAS, INC., et. al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | CIVIL ACTION NO. 04-0094-CG-C |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | ) | |
| | ) | |
| Counterclaim and Cross-Claim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CANAL INSURANCE COMPANY, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

---

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNITED STATES FIRE INSURANCE COMPANY

---

COMES NOW the plaintiff, Canal Insurance Company (hereinafter "Canal"), by and through the undersigned counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure and requests defendant, United States Fire Insurance Company, to respond to plaintiff's second requests for production of documents, in the time provided for by law.

It is further requested that Defendant serve a written response hereto within 30 days after service of this request at the offices of Plaintiff's attorneys, K. Donald Simms and Joseph E. B. Stewart, AUSTILL, LEWIS & SIMMS, P.C., P.O. Box 11927, Birmingham, Alabama 35202, for any and all purposes provided for by the Federal Rules of Civil Procedure.

The term "document" should be construed by you as broadly as is permissible under the Federal Rules of Civil Procedure. The term is intended to encompass the following: any medium by which information is recorded, stored, communicated, or utilized, including papers (of any kind, type or character) and any method or medium by which information may be communicated, recorded, or retrieved by people or by computers. The term includes, without limitation, photographs, photostats, x-rays, motion pictures, audio tape, video tape recordings, computer generated material, computer discs, CD-ROMs and any other form or type of computer stored or computer retrievable data, microfilm, and microfiche, or any other process by which information is reduced for storage or use.

If the document or information is in a computer readable form, please specify the software (including the exact version and release) used to create the information. Also specify any other software, hardware, or information such as passwords or user-supplied files that are required or desirable on the disks.

1. Any and all documents related to the receipt of Correspondence from Tony Higgins regarding Canal's February 6, 2004 and April 13, 2004 demands for defense and/or indemnity on behalf of Jason Tillery and Christopher Thomas, Inc.

2. Any and all documents related to what U. S. Fire did to investigate facts giving rise to coverage under U.S. Fire's policies with respect to Jason Tillery and Christopher Thomas, Inc.

3. Any and all documents related to what U. S. Fire did to respond to Canal's February 6, 2004 and April 13, 2004 demands for defense and/or indemnify on behalf of Jason Tillery and Christopher Thomas, Inc.

4. Any and all documents related to why there was a nine (9) month delay by U. S. Fire in responding to Canal's February 6, 2004 demand for defense and/or indemnity on behalf of Jason Tillery and Christopher Thomas, Inc.

5. Any and all documents related to why there was a nearly seven (7) month delay by U.S. Fire in responding to Canal's April 13, 2004 demand for defense and/or indemnity on behalf of Jason Tillery and Christopher Thomas, Inc.

6. Any and all documents related to the decision of U. S. Fire to wait nine (9) months in responding to Canal's February 6, 2004 demand for defense and/or indemnify on behalf of Jason Tillery and Christopher Thomas, Inc.

7. Any and all documents related to the decision of U. S. Fire to wait nearly seven (7) months in responding to Canal's April 13, 2004 demand for defense and/or indemnify on behalf of Jason Tillery and Christopher Thomas, Inc.

8. Any and all documents related to U. S. Fire's decision not to defend Thomas and Tillery after receiving demands from attorney Mark Andrews dated January 24, 2005 and February 22, 2005.

9. Any and all documents related to what U. S. Fire did to respond to Thomas and Tillery's demands for defense and/or indemnity dated January 24, 2005 and February 22, 2005.

10. Any and all documents related to what U.S. Fire did to respond to Thomas and Tillery's demands for settlement from Mark Andrews dated February 17, 2005 and August 3, 2005.

11. Any and all documents related to the position taken by U. S. Fire in a pleading on November 29, 2004 that Thomas and Tillery were insured under its policies.

12. Any and all documents related to U. S. Fire's decision not to defend Thomas and Tillery from February 6, 2004 until November 29, 2004.

13. Any and all documents related to U. S. Fire's decision not to defend Thomas and Tillery from April 13, 2004 until November 29, 2004.

14. Any and all documents related to U. S. Fire's decision not to defend Thomas and Tillery from November 29, 2004 until the conclusion of the underlying liability

lawsuit, after coverage had already been admitted for Thomas and Tillery under U.S. Fire's policies.

K. Donald Simms (Fed ID: SIMMK9801)
Joseph E. B. Stewart (Fed ID: STEWJ6903)
Attorneys for plaintiff, Canal Insurance Company

**OF COUNSEL:**

AUSTILL, LEWIS & SIMMS, P.C.
P. O. Box 11927
Birmingham, AL 35202-1927
Telephone: (205) 870-3767
Facsimile: (205) 870-3768

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid and properly addressed, on this _11_ day of January , 2006 to:

Carol Ann Smith
**SMITH & ELY, LLP**
2000 A Southbridge Pkwy.
Suite 405
Birmingham, AL 35209

Scott M. Salter, Esq.
**STARNES & ATCHISON**
P.O. Box 598512
Birmingham, Alabama 35259

Joseph Daniel Talmadge, Jr.
**MORRIS, CARY, ANDREWS
& TALMADGE, LLC**
3334 Ross Clark Circle
P. O. Box 1649
Dothan, Alabama 36302

Jodi DuBose
**AMERICAN COURT REPORTING**
P. O. Box 12765
Birmingham, AL 35202

OF COUNSEL

Page 5 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CANAL INSURANCE COMPANY,

    Plaintiff,

vs.

                            CIVIL ACTION NO. 04-0094-CG-C

UNITED STATES FIRE INSURANCE
COMPANY, et al,

    Defendants.

## DEFENDANT U.S. FIRE'S RESPONSES TO CANAL'S "SECOND REQUEST FOR PRODUCTION OF DOCUMENTS"

Defendant United States Fire Insurance Company ("U.S. Fire") hereby responds to Plaintiff

Canal Insurance Company's ("Canal's") "Second Set of Requests for Production of Documents to

Defendant United States Fire Insurance Company."

A response or objection to any document request does not necessarily signal agreement

with any statements of fact or presuppositions contained in that request.

### General Objections to Canal's Second Set of Requests for Production of Documents to Defendant United States Fire Insurance Company

1.    U.S. Fire objects, generally, to these requests on the basis that the requests are vague,

ambiguous, overly broad, and are beyond the scope of discovery.

2.    U.S. Fire objects to each and every request to the extent that the information or

documents sought, if any, were obtained and prepared in anticipation of litigation or for trial, and

Canal has made no showing that they have substantial need for the materials or information in the

preparation of their case and that they are unable, without undue hardship, to obtain the substantial

equivalent of the materials or information by other means.

3.      U.S. Fire objects to each and every request to the extent that the information or documents sought, if any, are privileged and are not discoverable under Rule 26(b)(3) of the *Federal Rules of Civil Procedure* and *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385(1947).

4.      U.S. Fire objects to each and every request to the extent that the information or documents sought, if any, are protected by the attorney-client privilege or work product immunity or other applicable privileges or immunities.

5.      U.S. Fire objects to each and every request to the extent that the information or documents sought, if any, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

6.      U.S. Fire objects to each and every request to the extent that it seeks discovery that is unreasonably cumulative or is a request for information that is equally available to Canal, and the burden on Canal to obtain the requested information or documents is no greater than the burden on U.S. Fire.

7.      U.S. Fire objects to each and every request to the extent that it seeks documents that are not in U.S. Fire's possession, custody, or control.

8.      U.S. Fire objects to each and every request to the extent that it seeks information that is a trade secret or other confidential research, development, or proprietary information, including confidential policyholder information.

9.      U.S. Fire objects to each and every request to the extent that it seeks an answer involving an opinion or a contention that relates to fact or the application of law to fact.

10.     U.S. Fire objects to each and every request to the extent that it is not limited by

2

reference to a relevant time period and are not reasonably limited in geographic scope.

11.    U.S. Fire objects to each and every request to the extent it seeks confidential business
information and/or documents of a proprietary nature concerning, among other things and without
limitation, internal policies and procedures, whether memorialized in writing or manuals or
otherwise. U.S. Fire also objects to Plaintiffs' requests to the extent that they seek information
and/or documents that are neither relevant to any issue in this litigation nor likely to lead to the
discovery of admissible evidence.

12.    U.S. Fire objects to each and every request to the extent it seeks information and/or
documents that would violate any constitutional, statutory, common law, or other privacy interest
of any current or former employee, representative, or insured of U.S. Fire.

## *Responses to Canal's Second Set of Requests for Production of Documents to Defendant*
## *United States Fire Insurance Company*

1.    *Any and all documents related to the receipt of Correspondence from Tony Higgins*
     *regarding Canal's February 6, 2004 and April 13, 2004 demands for defense and/or*
     *indemnity on behalf of Jason Tillery and Christopher Thomas, Inc.*

**RESPONSE:**

In addition to the grounds stated above in its general objections, U.S. Fire objects to this
request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because
the request is not directed at material relevant to, or reasonably calculated to lead to the discovery
of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess
over all other coverage, and whether Canal has waived its right to assert its current position regarding

3

those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request for production because the requested documents are protected by the attorney-client privilege.

Third, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

2.  *Any and all documents related to what U.S. Fire did to investigate facts giving rise to coverage under U.S. Fire's policies with respect to Jason Tillery and Christopher Thomas, Inc.*

**RESPONSE:**

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

4

are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

**3.**     *Any and all documents related to what U.S. Fire did to respond to Canal's February 6, 2004 and April 13, 2004 demands for defense and/or indemnity on behalf of Jason Tillery and Christopher Thomas, Inc.*

**RESPONSE:**

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

5

4.   *Any and all documents related to why there was a nine (9) month delay by U.S. Fire in responding to Canal's February 6, 2004 demand for defense and/or indemnity on behalf of Jason Tillery and Christopher Thomas, Inc.*

**RESPONSE:**

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005* Order.

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

5.   *Any and all documents related to why there was a nearly seven (7) month delay by U.S. Fire in responding to Canal's April 13, 2004 demand for defense and/or indemnity on behalf of Jason Tillery and Christopher Thomas, Inc.*

**RESPONSE:**

In addition to the grounds stated above in its general objections, U.S. Fire objects to this

6

request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order*.

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

6.      *Any and all documents related to the decision of U.S. Fire to wait nine (9) months in responding to Canal's February 6, 2004 demand for defense and/or indemni[t]y on behalf of Jason Tillery and Christopher Thomas, Inc.*

**RESPONSE:**

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding

7

those issues." *See* Doc. 143, *April 1, 2005* Order.

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

7.      *Any and all documents related to the decision of U.S. Fire to wait nearly seven (7) months in responding to Canal's April 13, 2004 demand for defense and/or indemni[t]y on behalf of Jason Tillery and Christopher Thomas, Inc.*

**RESPONSE:**

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005* Order.

Second, U.S. Fire objects to this request because the request seeks materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege

8

to the extent that the request seeks to discover attorney-client communications.

8.  *Any and all documents related to U.S. Fire's decision not to defend Thomas and Tillery after receiving demands from attorney Mark Andrews dated January 24, 2005 and February 22, 2005.*

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order*.

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

9.  *Any and all documents related to what U.S. Fire did to respond to Thomas and Tillery's demands for defense and/or indemnity dated January 24, 2005 and February 22, 2005.*

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because

9

the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

**10.** *Any and all documents related to what U.S. Fire did to respond to Thomas and Tillery's demands for settlement from Mark Andrews dated February 17, 2005, and August 3, 2005.*

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and

10

are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

11.    *Any and all documents related to the position taken by U.S. Fire in a pleading on November 29, 2004 that Thomas and Tillery were insured under its policies.*

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

12.    *Any and all documents related U.S. Fire's decision not to defend Thomas and Tillery from February 6, 2004 until November 29, 2004.*

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

11

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order*.

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

13.    *Any and all documents related U.S. Fire's decision not to defend Thomas and Tillery from April 13, 2004 until November 29, 2004.*

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order*.

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental

12

impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

14.    *Any and all documents related U.S. Fire's decision not to defend Thomas and Tillery from November 29, 2004 until the conclusion of the underlying liability lawsuit, after coverage had already been admitted for Thomas and Tillery under U.S. Fire's policies.*

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order*.

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

13

Elizabeth Bowles

Carol Ann Smith (ASB-3485-T81C)
Elizabeth Bowles (ASB 7308-A54B)
Attorneys for United States Fire Insurance
Company

**OF COUNSEL:**
Smith & Ely, LLP
2000-A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
Telephone: (205) 802-2214
Fax: (205) 879-4445

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

_____ Hand Delivery
__x__ U. S. Mail
_____ Overnight Delivery
_____ Facsimile
_____ E-File

on this the 21st day of February, 2006.

Elizabeth H. Bowles
OF COUNSEL

cc:
Joseph Edward Bishop Stewart
K. Donald Simms
Austill, Lewis & Simms, P.C.
2101 Highland Avenue South
Suite 500
Birmingham, AL 35205

William E. Pipkin, Jr.
Austill, Lewis & Simms, Pipkin & Moore, P.C.
Commerce Building

14

Suite 508
118 North Royal Street
Mobile, AL 36602

Joseph Daniel Talmadge, Jr.
Stephen Mark Andrews
Morris, Cary, Andrews & Talmadge
3334 Ross Clark Circle
Dothan, AL 36302

Scott M. Salter
Starnes & Atchison, LLP
100 Brookwood Place
7th Floor
Birmingham, AL 35209

15

**Teresa Dole**

**From:** efile_notice@almd.uscourts.gov
**Sent:** Friday, March 17, 2006 4:05 PM
**To:** almd_mailout@almd.uscourts.gov
**Subject:** Activity in Case 2:06-mc-03287-WHA Canal Insurance Company v. Christopher Thomas, Inc. et al "Motion to Amend/Correct"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Alabama Middle District

Notice of Electronic Filing

The following transaction was received from Smith, Carol Ann entered on 3/17/2006 at 4:04 PM CST and filed on 3/17/2006

**Case Name:**     Canal Insurance Company v. Christopher Thomas, Inc. et al
**Case Number:**   2:06-mc-3287
**Filer:**         United States Fire Insurance Company
**Document Number:** 2

**Docket Text:**
MOTION to Amend/Correct *United States Fire Insurance Company's and Golden Peanut's Motion to Quash or Alternatively, to Modify Plaintiff's Subpoena of Defendants' Former Attorney Documents* by United States Fire Insurance Company. (Attachments: # (1) # (2) # (3) # (4) # (5))(Smith, Carol)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=3/17/2006] [FileNumber=507846-0]
[93b0e7517afd109e242e28b81e122b90db9220d257095860afecb779d1d5156b73b2
0b2f28f439d25576a8f603d92dd1f426fa064df0775d784311e4dcdadc24]]
**Document description:**
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=3/17/2006] [FileNumber=507846-1]
[4b9d82318d23240c9e137ee4ea6aecaa2ea4204f4aa06a88f1d445c2318e7d4bbc01
7b9ee620e436ef1a7900cfed958b06d0cbc46f58e1538bb4249b20473500]]
**Document description:**
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=3/17/2006] [FileNumber=507846-2]
[5ba8b0a6520d76b038b936a38317e4d8defe3fbaf93e4d623fb7790c42697d8c1520
caa78aea9b92ec90cfea4bb322bc3211fd8ec490810e53358c3ccfb8e464]]

3/20/2006

**Document description:**
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=3/17/2006] [FileNumber=507846-3]
[8f8d881134f41b3a444bdb5a71d38c420828677ad558f426a31364d477672ac84743
ac0d2744ead35abd16c8f1324c7766fabc0659d56fc43bb346f44f3238f5]]
**Document description:**
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=3/17/2006] [FileNumber=507846-4]
[7d2b80137ff7db488fb248746de85ecc9cafb3d67cab911dceb5dd806bfeefe7db4c
741d9319d468db96960158aaefce100073a00aef95e6d2be349311279fb0]]
**Document description:**
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=3/17/2006] [FileNumber=507846-5]
[39a6a63affbd8df7e50cc00f6da9a39c2a173c215bedcae8dbb529d26b4c642c5ad0
d10126f6a63afe0cb5c5e2a27b9846e05299e7edfec7549e5b22cee54189]]

## 2:06-mc-3287 Notice will be electronically mailed to:

Stephen Mark Andrews    mandrews@mcatlaw.com, hpeluso@mcatlaw.com

Joel Scott Isenberg    jisenberg@smith-ely.com, ljemison@smith-ely.com; receptionist@smith-ely.com

Scott Meyers Salter    sms@starneslaw.com

Kerri Donald Simms    k-simms@maplaw.com, t-dole@maplaw.com

Carol Ann Smith    casmith@smith-ely.com, receptionist@smith-ely.com; llee@smith-ely.com

Joseph Edward Bishop Stewart    jstewart@maplaw.com, t-osullivan@maplaw.com

Joseph Dan Talmadge , Jr    dtalmadge@mcatlaw.com, panderson@mcatlaw.com

## 2:06-mc-3287 Notice will be delivered by other means to:

Elizabeth Hannah Bowles
Smith & Ely LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, AL 35209

William E Pipkin , Jr
Austill, Lewis, Simms, Pipkin & Moore, PC
PO Box 2885
Mobile, AL 36652

3/20/2006