# Exhibit F

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

CANAL INSURANCE COMPANY,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff ,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
CHRISTOPHER THOMAS, INC., et al,　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendants .　　　　　　　　)　　CIVIL ACTION NO. 2:06mc3285-
　　　　　　　　　　　　　　　　　　)　　MHT
ST. PAUL FIRE AND MARINE　　　　　 )
INSURANCE COMPANY,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Counterclaim and Cross-Claim Plaintiff,　)
　　　　　　　　　　　　　　　　　　)
CANAL INSURANCE COMPANY,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Counterclaim Defendant.　　　　)

### ST. PAUL'S MOTION TO QUASH, OR ALTERNATIVELY, TO MODIFY PLAINTIFF'S SUBPOENA OF DEFENDANTS' FORMER ATTORNEY'S DOCUMENTS FILED ON MARCH 10, 2006

For the reasons stated below, Defendant/Movant St. Paul Fire and Marine
Insurance Company ("St. Paul") objects to and moves to quash Canal's subpoena filed on
March 10, 2006, of documents to Anthony (Tony) Higgins, its former attorney.
Subpoena attached as Exhibit "A."

### Brief Statement of Facts

This is a declaratory judgment action pending in United States District Court,
Southern District of Alabama, *Canal Insurance Co., Inc., v. Golden Peanut Co., LLC, et.
al.,* CV-04-0094-KD-C.    This action is pending before Judge Kristi Dubose and
Magistrate Judge William Cassady.  This declaratory judgment action arises out of an

{B0582013}

automobile accident in which tractor driver Jason Tillery, an employee of Christopher Thomas, Inc., was hauling a trailer that belonged to Golden Peanut. The issues remaining in this case involve the apportionment among insurers of responsibility for defense and indemnity in a wrongful death action arising out of the accident and filed against Tillery, Christopher Thomas, Inc., and Golden Peanut.

On March 1, 2006, Plaintiff, Canal Insurance Company, served on Tony Higgins, a subpoena for production of numerous records. This subpoena was filed in the Middle District based on the fact that Mr. Higgins practices in Montgomery, Alabama. It requested that Mr. Higgins produce documents in Birmingham, Alabama. Mr. Higgins was St. Paul's attorney in this action for a period of time as well as Golden Peanut's attorney in the underlying wrongful death action. St. Paul filed a Motion to Quash this subpoeana. On March 10, 2006, Canal Insurance Company, served on Tony Higgins, a second subpoena for production of numerous records. This subpoena was filed in the Middle District based on the fact that Mr. Higgins practices in Montgomery, Alabama. It requested that Mr. Higgins produce documents at his office in Montgomery, Alabama.

The formal discovery deadline in this case was originally set for September 17th, 2004. On February 4th, 2005, in a reply brief in support of its summary judgment motion, and subsequently, in a motion to amend, Canal raised certain new defenses to coverage for Tillery. The other parties objected to the new coverage defenses as being prejudicial and untimely, and also opposed Canal's raising of the new coverage defenses on grounds of waiver and estoppel.

2

After a hearing on March 30th, 2005, Judge Callie V. S. Granade ruled that Canal could raise the new coverage defenses. The Court further stated, "However, it is possible that Canal has waived its right to deny coverage to Tillery or assert that its policy is excess to all other coverage and defendants should be given the opportunity to conduct discovery concerning Canal's new positions. Therefore, the Court finds it appropriate to allow the parties to conduct discovery **on these issues** and to allow the defendants to rebut this recent assertion by Canal." Doc. 143, *April 1, 2005 Order*, p. 5 (emphasis added), attached as Exhibit "B." The Court then ordered that "[discovery] is [reopened] for the **limited purpose** of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *Id*., p. 6 (emphasis added). In subsequent scheduling orders allowing additional time for discovery, the Court reiterated the same limitations on the additional discovery. *See* Doc. 165, *April 28, 2005 Order*, ¶ 1; & Doc. 170, *September 15, 2005 Scheduling Order*, ¶ 1, attached as Exhibits "C" and "D."

Since the limited extension of the discovery deadline, Canal has attempted to engage in formal discovery that exceeds the bounds of discovery set by the Southern District in its Orders. Much of the discovery Canal seeks, including the subpoena of Tony Higgins's records, has no arguable relation to Canal's alleged defenses to its coverage responsibilities to Jason Tillery, or to whether Canal has waived or is estopped from asserting those defenses.

3

Case 2:06-mc-03285-MHT-SRW    Document 5-7    Filed 03/21/2006    Page 4 of 9

## Standard of Review

"On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena it if … requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv).

## Argument

Pursuant to the Scheduling Orders entered in this case, discovery is permissible at this time only as to "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverages and whether Canal has waived its right to assert its current position regarding these issues." *See* Doc. 143, *April 1, 2005 Order*, pp. 5-6; Doc. 170, *September 15, 2005 Scheduling Order* ¶ 1. Therefore, St. Paul's motion to quash should be granted on the grounds that the subpoena seeks documents outside the limited scope of discovery permitted by the Scheduling Orders of the Southern District, that based on the Orders of the Southern District that these documents are immaterial and irrelevant to the limited purpose for which discovery was reopened and based on the ground that production of these documents is unduly burdensome.[1] Canal's demands for production of documents from St. Paul's former attorney have no relation to any of the

---

[1] A party has standing to oppose the subpoena of a nonparty when the subpoena violates case management orders issued under Fed. R. Civ. P. 16 and 26. *See, e.g., Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. 2005) (finding that a Defendant had "standing to move to quash or modify the subpoena of a nonparty based on inadequate notice" because "a party has standing to move to enforce the Court's orders and rules"); *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 562 n.3 (S.D. Cal. 1999). In this case, St. Paul has standing to oppose the subpoena on the basis of undue burden because it is asserting its own right to prepare its case in reliance on this Court's Orders, and its own interest in preventing the undue burden it would face if Canal obtained discovery not permitted any party, including St. Paul under those Orders. *See Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551 ___n.3; 2001 LEXIS 16961 at *10 n.3 (N.D. Ga. 2001) ("[I]t appears to be the general rule of the federal courts that a party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed.'").

{B0582013}

three areas of discovery outlined by the Southern District and are outside the limited scope of the Court's Orders. Furthermore, based on the fact that the documents sought are outside the limited scope of discovery allowed by the Court's Orders, the documents are immaterial and irrelevant to the issues on which discovery is reopened. Additionally, the burden and expense to St. Paul of having to litigate a case in which its former attorneys' protected and confidential files, mental impressions, strategies, and legal theories have been publicized is a particularly *undue* burden. Furthermore, the subpoena of St. Paul's attorney's records also poses an undue burden to St. Paul because, in light of this Court's Orders, St. Paul cannot engage in discovery as to whatever issues Canal is trying to obtain discovery through the subpoena. To allow Canal's subpoena to stand would permit Canal alone to obtain discovery outside the limits set by the Court and, thus, may provide Canal an unfair advantage in this litigation.

The subpoena of St. Paul's former attorney's records would also require disclosure of privileged or other protected matter and subjects St. Paul to an undue burden. Therefore, the subpoena should be quashed. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv); *see also* Fed. R. Civ. P. 26(b)(1) (limiting discovery to material that is "not privileged"); Fed. R. Civ. P. 26(b)(3) (protecting trial preparation materials); Doc. 143, *April 1, 2005 Order*, pp. 5-6 (limiting the scope of discovery permitted after expiration of the original discovery deadline in this case); Doc. 170, *September 15, 2005 Scheduling Order* ¶ 1 (same).

5

The Federal Rules permit discovery only as to "any matter [] not privileged." *See*

Fed. R. Civ. P. 26(b)(1). Under Alabama law,[2]

> A client has a privilege to refuse to disclose and to prevent
> any other person from disclosing a confidential
> communication made for the purpose of facilitating the
> rendition of professional legal services to the client,
> (1) between the client or a representative of the client and the
> client's attorney or a representative of the attorney, or
> (2) between the attorney and a representative of the attorney,
> (3) by the client or a representative of the client or the client's
> attorney or a representative of the attorney to an attorney or a
> representative of an attorney representing another party
> concerning a matter of common interest, (4) between
> representatives of the client and between the client and a
> representative of the client resulting from the specific request
> of, or at the express direction of, an attorney, or (5) among
> attorneys and their representative representing the same
> client.

Ala. R. Evid. 502.

Furthermore, a party's attorney's work product in anticipation of litigation is

protected under Rule 26(b)(3) as follows:

> [A] party may obtain discovery of documents and tangible
> things otherwise discoverable ... and prepared in anticipation
> of litigation or for trial by or for another party or by or for
> that other party's representative (including the other party's
> attorney ...) only upon a showing that the party seeking
> discovery has substantial need of the materials in the
> preparation of the party's case and that the party is unable
> without undue hardship to obtain the substantial equivalent of
> the materials by other means.

---

[2] "[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed. R. Evid. 501; *see also Somer v. Johnson*, 704 F. 2d 1473, 1478 (11th Cir. 1983) (stating that, in a diversity action, state law governs whether materials sought in discovery are privileged). This is a diversity action; therefore, the existence of a privilege is governed by state law.

However, even if a party is able to demonstrate substantial need for access to, and inability to otherwise obtain the equivalent of, materials created for another party by its attorney in anticipation of litigation, the court shall nevertheless "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *See* Fed. R. Civ. P. 26(b)(3).

Tony Higgins is St. Paul's former attorney. The subpoena requires him to produce documents related to his representation of St. Paul in this case such as:

- "any and all documents that relate, in any way, to Golden Peanut Company, LLC's[,] United States Fire Insurance Company's and/or St. Paul Fire and Marine Insurance Company's decision to demand defense and/or indemnity from Canal Insurance Company on or about January 7, 2004." (item 1);

- "all documents that relate, in any way, to [Higgins'] written representation that [U.S. Fire] or [St. Paul][3] would respond to Canal's demand for defense and/or indemnity 'as quickly as possible'" (item 4).

On their face these demands for production of documents, as well as all the other demands in the subpoena that are not listed here, are wholly directed at materials that

---

[3] U.S. Fire and St. Paul insured Golden Peanut. Tony Higgins has also represented U.S. Fire and Golden Peanut in this action. Should the Court find that some of the documents subpoenaed by Canal were created solely for a client other than St. Paul or are not privileged as to St. Paul, St. Paul respectfully requests that, for the reasons given in this motion for an order quashing the subpoena, the Court modify the subpoena to prevent discovery of any documents or things in which St. Paul has an attorney-client privilege or that were produced by St. Paul in anticipation of litigation. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv) (directing a court to "quash *or modify* a subpoena that requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden" (emphasis added)).

7

{B0582013}

reveal communications subject to the attorney-client privilege or documents that are the protected product of an attorney's work prepared for St. Paul in anticipation of litigation. *See id.* Canal has no need, substantial or otherwise, for the materials created in anticipation of litigation, and cannot demonstrate an inability to legitimately obtain any information in them by another means. Moreover, the subpoena's demands require disclosure of mental impressions, conclusions, opinions, or legal theories of St. Paul's former attorney concerning the litigation, and would not be discoverable even if Canal could somehow make the requisite showing. *See id.* Therefore, the materials are not discoverable and St. Paul is entitled to their protection from discovery. Accordingly, the Court should quash the subpoena.

## Conclusion

For the reasons stated above, the subpoena of Tony Higgins's documents requires disclosure of privileged or other protected matters and subjects St. Paul to undue burden. Therefore, St. Paul respectfully submits that the subpoena issued on March 10, 2006, should be quashed.

Alternatively, should the Court find that some of the documents subpoenaed by Canal were created solely for a client other than St. Paul or are not privileged as to St. Paul, St. Paul respectfully requests that, for the reasons given in this motion for an order quashing the subpoena, the Court modify the subpoena to prevent discovery of any documents or things in which St. Paul has an attorney-client privilege or that were produced for St. Paul in anticipation of litigation.

8

{B0582013}

Magistrate Judge William E. Cassady in the Southern District has overseen and ruled upon discovery disputes in this case. Based on Judge Cassady's familiarity with this action and the issues involved in the case, St. Paul would respectfully request that the Middle District transfer this Motion to Judge William E. Cassady in the Southern District for hearing, ruling and resolution.

{B0582013}

s/Scott M. Salter
Scott M. Salter
Bar Number: ASB-7168-R57S
Attorney for St. Paul Fire & Marine Insurance
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Birmingham, Alabama, 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail: ssalter@starneslaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that on March 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

K. Donald Simms
Joseph E. B. Stewart
Austill, Lewis & Simms, P.C.
P. O. Box 11927
Birmingham, AL 35202-1927

Stephen Mark Andrews
Morris, Cary, Andrews & Talmadge, LLC
P. O. Box 1649
Dothan, AL 36302

Steven A. Higgins
Nix, Holtsford, Gilliland, Higgins & Hitson, PC
P. O. Box 4128
Montgomery, AL 36103-4128

Carol Ann Smith
Smith & Ely, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, AL 35209

{B0582013}

s/Scott M. Salter
Scott M. Salter
Bar Number: ASB-7168-R57S
Attorney for St. Paul Fire &
Marine Insurance
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Birmingham, Alabama, 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-Mail: ssalter@starneslaw.com

11

{B0582013}

# EXHIBIT A

Case 2:06-mc-03286-MHT-WEC   Document 6-3   Filed 03/23/2006   Page 14 of 40
Case 2:06-mc-03285-SRW   Document 3-2   Filed 03/21/2006   Page 2 of 5
Case 2:06-mc-03286-MEF-DRB   Document 3   Filed 03/16/2006   Page 3 of 6

Issued by the

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| Canal Insurance Company | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| v. | |
| Golden Peanut Company, LLC, et al. | Case Number:[1]    CV-04-0094-CG-C |

TO:  Anthony Higgins
Nix Holtsford Gilliland Higgins & Histon, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128

In the United States District Court Southern District of Alabama

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Anthony Higgins<br>Nix Holtsford Gilliland Higgins & Histon, P.C.<br>4001 Carmichael Road, Suite 300<br>Montgomery, AL 36103-4128 | After 14 days of service |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _K. Donald Simms_ attorney for Plaintiff | 3-10-06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

K. Donald Simms
AUSTILL, LEWIS, & SIMMS, P.C.
2101 Highland Avenue South, Suite 500
Birmingham, AL 35205
(205) 870-3767

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|                          | DATE | PLACE |
|--------------------------|------|-------|
| SERVED                   |      |       |

| SERVED ON (PRINT NAME)   | MANNER OF SERVICE |
|--------------------------|-------------------|

| SERVED BY (PRINT NAME)   | TITLE |
|--------------------------|-------|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT TO SUBPOENA TO
## Anthony Higgins

### Our File No.  :  930-079

Counsel may redact his mental impressions from the requested documents below.

1.   Produce any and all documents that relate, in any way, to Golden Peanut Company, LLC's United States Fire Insurance Company's and/or St. Paul Fire and Marine Insurance Company's decision to demand defense and/or indemnity from Canal Insurance Company on or about January 7, 2004.

2.   Produce all communication sent to U.S. Fire and/or St. Paul regarding Canal's February 6, 2004 demand for demand for defense and/or indemnity made on behalf of Thomas and Tillery with respect to U.S. Fire's and St. Paul's policies of insurance.

3.   Produce all communications received from U.S. Fire and/or St. Paul regarding Canal's February 6, 2004 demand for defense and/or indemnity made on behalf of Thomas and Tillery with respect to U.S. Fire's and St. Paul's policies of insurance.

4.   Produce any and all documents that relate, in any way, to your written representation made on or about February 25, 2004 that United States Fire Insurance Company's and/or St. Paul Fire and Marine Insurance would respond to Canal's demand for defense and/or indemnity "as quickly as possible."

5.   Produce any and all documents that relate, in any way, to Golden Peanut Company LLC's decision to answer interrogatories in the underlying lawsuit styled *Virginia L. Arnold and husband, James Arnold versus Christopher Thomas, Inc., incorrectly designated as Thomas Trucking, Inc., a corporation and Golden Peanut Company, LLC, in the United States District Court for the Southern District of Alabama (CV-03-0819-CG-C)* (hereinafter "the underlying lawsuit"), on or about March 19, 2004, and take the position that Golden Peanut was not a motor carrier under ICC Regulations.

6.   Produce any and all documents that relate, in any way, to the affidavit signed by Dennis Robbins on or about November 24, 2004, wherein he stated that "[t]he agreement between Golden Peanut and Christopher Thomas, Inc., was an agreement for services, nor a lease, contract of hire, bailment, rental agreement, or any similar contract or agreement pertaining to any specific equipment or vehicles".

7.   Produce any and all documents that where U.S. Fire instructed you to file a summary judgment response and admit that Thomas and Tillery were insured under U.S. Fire's policies of insurance.

Case 2:06-mc-03286-MHT-WEC    Document 6-3    Filed 03/23/2006    Page 17 of 40
Case 2:06-mc-03285-MHT-SRW    Document 3-2    Filed 03/24/2006    Page 5 of 5
Case 2:06-mc-03286-MEF-DRB    Document 3    Filed 03/16/2006    Page 6 of 6

8.   Produce any and all documents that relate, in any way, to U.S. Fire's decision to admit that Thomas and Tillery were permissive insured under both layers of U.S. Fire's coverages on or about November 29, 2004.

9.   Produce any and all documents that relate, in any way, to U.S. Fire's and St. Paul's decision not to defend Thomas and Tillery in the underlying liability lawsuit.

10.  Produce any and all documents that relate, in any way, to Golden Peanut's decision to object on or about November 30, 2004, to Canal's Request for Admission number 8, wherein Canal requested that Golden Peanut to admit or deny that Golden Peanut is a "motor carrier" as defined by 49 C.F.R. §387.5.

11.  Produce any and all documents that relate, in any way, to the unqualified tender of $1,000,000.00 by U.S. Fire, with regards to its Commercial Auto Policy on behalf of Golden Peanut, Thomas and Tillery in the underlying *Arnold* action that was made on or about January 20, 2005.

12.  Produce any and all documents that relate, in any way, to the unqualified tender of $1,000,000.00 by US Fire with regards to its Commercial Auto Policy on behalf of Golden Peanut, Thomas and Tillery in the underlying *Arnold* action that was made on or about February 14, 2005.

13.  Produce any and all responses from U.S. Fire and/or St. Paul to the demand made by Canal Insurance Company for coverage on behalf of Thomas and Tillery.

14.  Produce any and all documents, correspondence or other communications that you sent to U.S. Fire and/or St. Paul regarding the demand made by Canal Insurance Company for coverage on behalf of Thomas and Tillery.

15.  Produce any and all documents, correspondence or other communications that you received from U.S. Fire and/or St. Paul regarding the demand made by Canal Insurance Company for coverage on behalf of Thomas and Tillery.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| CANAL INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-0094-CG-C |
| | ) | |
| CHRISTOPHER THOMAS, INC., et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER

On March 30, 2004, a hearing was held on the following motions:

1) The motion to submit deposition transcript of Dennis Robbins filed by Golden Peanut Company, LLC ("Golden") and United States Fire Insurance Company ("U.S. Fire") in support of their motion for summary judgment and in opposition to plaintiff's motion for summary (Doc. 95).

2) The motion for leave to supplement answer and amended answer to complaint for declaratory judgment to assert affirmative defense of fraud filed by St. Paul Fire & Marine Insurance Company ("St. Paul"). (Doc. 99)

3) The motion to strike Canal's new request (in Doc. 104) for summary judgment that Canal's policy does not cover Jason Tillery filed by defendant U.S. Fire. (Doc. 107)

4) The motion to strike Canal's new request (in Doc. 104) for summary judgment that Canal's coverage is excess over all coverages filed by U.S. Fire. (Doc. 108)

5) The motion to strike Canal's new request (in Doc. 104) for summary judgment that Canal's policy does not cover Jason Tillery filed by Golden. (Doc .109)

6) The motion to strike Canal's new request (in Doc. 104) for summary judgment that Canal's coverage is excess over all coverages filed by Golden. (Doc. 110)

7) The motion to strike portions of Canal's reply brief in support of its motion for summary

1

judgment (in Doc. 104) in which Canal claims that Tillery is not a covered insured under Canal's policy filed by Christopher Thomas, Christopher Thomas, Inc., and Jason Tillery. (Doc 113).

        8) The motion to strike Canal's reply brief (Docs. 104), or in the alternative, motion for leave to conduct discovery and file rebuttal, or in the alternative, motion to file rebuttal to Canal's reply briefs filed by St. Paul. (Doc. 114)

        9) The motion for leave to amend and/or supplement its complaint for declaratory judgment to include that the claim that Jason Tillery is not covered under its policy filed by Canal Insurance Company (Canal). (Doc. 119)

        10) The motion to amend the pleadings to conform with the evidence taken in this case filed by Canal. (Doc. 120)

        11) The motion to declare that the affidavit testimony of Dennis Robbins was submitted by Golden Peanut and U.S. Fire in bad faith, and for an order a) striking all pleadings filed by U.S. Fire & Golden Peanut in support of their motion for summary judgment or in opposition to Canal's motion for summary judgment; b) granting Canal's motion for summary judgment ; c) granting Canal's motion to amend and/or supplement its complaint; and d) granting Canal's motion to amend the pleadings to conform with evidence in the case filed by Canal.(Doc. 125)

        In addition to the above motions, the parties also discussed Canal's motion to strike a portion

of the affidavit testimony of Dennis Robbins (Doc. 67).  Golden conceded that it had no problem with

the court striking paragraph 3 of Robbins' affidavit, and the court finds it appropriate to do so.  At the

hearing, the court orally **GRANTED** the motion of Golden and U.S. Fire to submit the deposition

transcript of Dennis Robbins in support of their motion for summary judgment and in opposition to

plaintiff's motion for summary (Doc. 95).  After considering the arguments made at the hearing and

reviewing the pleadings filed in this case, the court also finds it appropriate to grant St. Paul's motion for

leave to supplement answer and amended answer (Doc. 99) and Canal's motion for leave to

supplement its complaint (Doc. 119).  The court further finds it appropriate to deny the motion to

declare that the affidavit testimony of Dennis Robbins was submitted in bad faith (Doc. 125).  As set

2

forth below, the remaining motions to strike (Docs. 107, 108, 109, 110, 113, 114) are also due to be

denied, however, but the court will allow discovery on the issues and permit the defendants to rebut the

coverage issues recently raised by Canal.

## DISCUSSION

### 1. Motion for leave to supplement answer (Doc. 99)

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when

justice so requires."

> In the absence of any apparent or declared reason - such as undue delay, bad faith or
> dilatory motive on the part of the movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the opposing party by virtue of
> allowance of the amendment, futility of amendment, etc. - the leave sought should, as
> the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).   While leave to amend under Rule

15(a) may be freely given, leave to amend after a scheduling order deadline will only be given upon a

showing of "good cause" under Rule 16(b). Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th

Cir. 1998)   "Otherwise, scheduling order deadlines would be "meaningless" and the good cause

requirement articulated by Rule 16(b) would effectively be read out of the Federal Rules of Civil

Procedure." Anderson v. Board of School Comm'rs of Mobile County, AL, 78 F.Supp.2d 1266,1269

(S.D. Ala. 1999).  This "good cause standard...precludes modification of a scheduling order deadline

unless...[the schedule] cannot be met despite the diligence of the party seeking the extension." Id.

(citations and internal quotations omitted).   Plaintiff has the burden of showing that "extraodinary

circumstances require it" and that "the parties have [already] diligently pursued discovery." Williams v.

Baldwin County Comm'n, 203 F.R.D. 512, 516 (S.D. Ala. 2001); and (Doc. 37).

3

The court finds that defendant St. Paul has shown good cause why it should be allowed to

supplement or amend its answer to include the affirmative defense of fraud. It was not known that Mr.

Tillery would refuse to answer and assert his Fifth Amendment rights when asked whether he had been

smoking pot on the date of the accident. Mr. Tillery's response potentially invokes the application of

an exclusion contained in St. Paul's policy. Therefore, the court finds it appropriate to allow St. Paul to

supplement or amend its answer.

### 2. Canal's motion for leave to supplement and amend (Docs. 119 and 120) and defendants' motions to strike (Docs. 107, 108, 109, 110, 113, 114).

Canal's policy contains a "Truckman's Endorsement" which states that coverage does not

extend "to any person, firm or organization using the described automobile pursuant to any lease,

contract for hire, bailment, rental agreement, or any similar contract or agreement." In that event, "the

insurance afforded the named insured shall be excess insurance over any other insurance."

Defendants contend that Canal should be judicially estopped from asserting that Canal's Truckman's

Endorsement makes Canal's coverage excess to all other coverage, or that the Truckman's

Endorsement precludes coverage for Tillery. According to defendants, these positions are inconsistent

with Canal's previous positions in this litigation. Defendants further assert that because Canal has been

representing Tillery in the underlying action without a reservation of rights, Canal is estopped from

denying coverage for Tillery. At the hearing, new issues were raised concerning whether Canal has, in

fact, represented Tillery in the underlying action. No evidence concerning this issue was presented.

Canal asserts that its new assertions are not inconsistent with its previous pleadings and were raised

only in response to defendants' motions. Canal further asserts that it did not learn until recently that

4

Tillery was a statutory employee of Golden and that Golden was a motor carrier.

The court finds that Canal has shown good cause to assert the coverage issue in response to defendants' motions for summary judgment, and **GRANTS** Canal's second motion to amend or supplement the second amended complaint.[1] The court also finds that defendants' motions to strike should be **DENIED**. However, it is possible that Canal has waived its right to deny coverage to Tillery or assert that its policy is excess to all other coverage and defendants should be given the opportunity to conduct discovery concerning Canal's new positions. Therefore, the court finds it appropriate to allow the parties to conduct discovery on these issues and to allow the defendants to rebut this recent assertion by Canal. The matter is referred to the magistrate judge to establish a schedule for discovery and response on these newly-raised coverage issues.

### 3. Canal's motion to declare that the affidavit testimony of Dennis Robbins was submitted in bad faith (Doc. 125)

The court finds that Canal has not demonstrated that the affidavit testimony of Dennis Robbins was submitted in bad faith. Therefore, that motion is **DENIED**.

### CONCLUSION

For the reasons stated above, the court orders the following:

1.) Canal's motion to strike a portion of the affidavit testimony of Dennis Robbins (Doc. 67) is **GRANTED** to the extent that paragraph 3 of Robbins' affidavit is hereby **STRICKEN**;

---

[1]Granting the motion to amend/supplement the amended complaint **MOOTS** Canal's motion to amend the pleadings to conform with the evidence.

5

Case 2:06-mc-03286-MHT-WRC   Document 6-3   Filed 09/22/2006   Page 24 of 40
Case 2:06-mc-03285-MHT-SRW   Document 9-3   Filed 09/21/2006   Page 8 of 70
Case 1:04-cv-00094-KD-C   Document 143   Filed 04/01/2005   Page 6 of 6

2.) St. Paul's motion for leave to supplement answer and amended answer to complaint for declaratory judgment to assert affirmative defense of fraud (Doc. 99) is **GRANTED**;

3.) Canal's second motion for leave to amend or supplement its amended complaint (Doc. 119) is **GRANTED**;

4.) Canal's motion to amend the pleadings to conform with the evidence taken in this case (Doc. 120) is **MOOT**;

5.) Canal's motion to declare that the affidavit testimony of Dennis Robbins was submitted in bad faith (Doc. 125) is **DENIED**; and

6.) Defendants' motions to strike (Docs. 107, 108, 109, 110, 113, 114) are **DENIED**, however, **DISCOVERY** is **REOPENED** for the limited purpose of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding these issues.

The clerk is directed to refer the matter to the Magistrate Judge to establish a discovery and response schedule on newly-raised coverage issues.

**DONE** and **ORDERED** this 1st day of April, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT C

Case 2:06-mc-03286-MHT-WEC   Document 5-7   Filed 02/22/2006   Page 26 of 40
Case 2:06-mc-03285-MHT-SRW   Document 5-4   Filed 02/22/2006   Page 26 of 8
Case 1:04-cv-00094-KD-C   Document 165-1   Filed 04/28/2005   Page 1 of 7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

CANAL INSURANCE COMPANY,  :

    Plaintiff,  :

vs.  : CA 04-0094-CG-C

GOLDEN PEANUT COMPANY, LLC.,  :
et al.,

    Defendants.  :

## SUPPLEMENTAL RULE 16(b) SCHEDULING ORDER

After consideration of the Fed.R.Civ.P. 26(f) report filed April 14, 2005, and the pleadings of the parties, the following scheduling order is entered pursuant to Fed.R.Civ.P. 16(b):

1.    ISSUES SUBJECT TO DISCOVERY.    The specific discovery issues remaining are those contained in the Court's Order of April 1, 2005, Paragraph 6, Page 6 and identified in the Rule 26(f) Report, Paragraph 1.

2.    DISCOVERY COMPLETION DATE.    All discovery is to be completed on or before **September 1, 2005.    Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it <u>and</u> (2) that the parties have diligently pursued discovery.**

For all actions, "completed" means that all depositions have been taken; interrogatories, requests for admissions, and requests for production filed and responded to; physical inspections and testing concluded; physical and mental examinations concluded; and motions to compel filed.

3.    INITIAL DISCLOSURES.    The initial disclosures required by Fed.R.Civ.P. 26(a)(1) **have been** exchanged.

     4.    AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES. The parties do not anticipate amendments of the pleadings or joinder of parties.

     5.    EXPERT TESTIMONY.   The expert reports as required by Fed.R.Civ.P. 26(a)(2)(B) shall be produced by plaintiff(s) on or before **July 2, 2005** and by defendant(s) on or before **August 1, 2005.** Rebuttal evidence, authorized by Rule 26(a)(2)(C), shall be disclosed on or before **August 1, 2005** by defendant(s) and **September 1, 2005** by plaintiff(s).   **An expert's deposition, if taken, must be noticed and completed within thirty (30) days of the date on which the expert's report is disclosed.**

     6.    PRETRIAL DISCLOSURES.   The information described in Fed.R.Civ.P. 26(a)(3) shall be **disclosed** not later than **October 31, 2005.** The **filing** requirement of Fed.R.Civ.P. 26(a)(4) is met by the filing of the proposed pretrial order as required by Chief Judge Granade in all of her civil cases.

     7.    SUPPLEMENTATION.   Supplementation of disclosures and responses as required by Fed.R.Civ.P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably." All supplementation shall be completed no later than **October 2, 2005.**

     8.    FINAL PRETRIAL CONFERENCE. This action shall be pretried by Chief Judge Callie V.S. Granade, on **November 21, 2005 at 10:30 a.m., in Mobile, Alabama.**   Requests for extending the convening of the pretrial conference **will be granted only if good cause for the extension has been exhibited. A COPY OF CHIEF JUDGE GRANADE'S STANDING ORDER GOVERNING HER FINAL PRETRIAL CONFERENCES IS ATTACHED. NO ADDITIONAL NOTICES REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE NECESSARY.**

     9.    TRIAL DATE.   This non-jury action is set for trial during the month of **December, 2005,** in Mobile, Alabama, the specific date to be set once the total number of actions to be tried that month is determined.   The parties have estimated that this action will require 3-4 trial days.

2

10.    DISCOVERY LIMITS. Discovery is limited as follows:

a.    Not more than **40** interrogatories, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

b.    Not more than **5** depositions may be taken by each party, limited in duration as expressed by the parties in ¶ 6 of their Report;

c.    Not more than **two set(s) of** requests for admissions may be served by each party upon any other party. Responses are due within thirty (30) days of service;

d.    Not more than **two set(s) of** requests for production of documents may be served by each party upon any other party.[1] **Subpoenas duces tecum to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

In applying these limits, all parties represented by the same counsel will be treated as a single party.

11.    DISCOVERY MOTIONS. The following requirements pertain to discovery motions filed in this Court:

a.    Conferencing by Counsel. The conferencing requirement of Fed.R.Civ.P. 26(c), 37(a)(2), and 37(d) will be strictly enforced. This requirement will also apply to a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a) and a motion to determine sufficiency pursuant

---

[1]    These written requests for documents are intended to aid the production of not only the documents identified pursuant to Rule 26(a)(1), but any other relevant documents. The requesting party is to follow the "rule of reasonableness" when deciding the number of requests that are necessary.

3

to Fed.R.Civ.P. 36(a). Any such motion not containing the required certification
will be stricken.[2]

        b.    Time of Filing: Form.   A motion for protective order
pursuant to Fed.R.Civ.P. 26(c), a motion for physical and mental examination
pursuant to Fed.R.Civ.P. 35(a), a motion to determine sufficiency pursuant to
Fed.R.Civ.P. 36(a), and a motion to compel pursuant to Fed.R.Civ.P. 37 shall be
brought in a timely manner so as to allow sufficient time for the completion of
discovery according to the schedule set by the Court. Any such motion shall
quote in full (1) each interrogatory, request for admission or request for
production to which the motion is addressed, or otherwise identify specifically
and succinctly the discovery to which objection is taken or from which a
protective order is sought, and (2) the response or the objection and grounds
therefor, if any, as stated by the opposing party. Unless otherwise ordered by
the Court, the complete transcripts or discovery papers are not to be filed with
the Court unless the motion cannot be fairly decided without reference to the
complete original.

        c.    Time for Responses. Unless within eleven (11) days after
the filing of a discovery motion the opposing party files a written response
thereto, the opportunity to respond shall be deemed waived and the Court will
act on the motion. Every party filing a response shall file with the response a
memorandum of law, including citations of supporting authorities and any

---

[2]     Based on the undersigned's experience with the different interpretations practitioners have
given to the mandate that they make a good faith effort to resolve discovery disputes before bringing them
before the Court, some guidance is deemed necessary. All three referenced sections of the Federal Rules
of Civil Procedure employ the same language, that the motions be accompanied by a certification that the
movant "has in good faith conferred or attempted to confer" with other affected parties or persons, prior
to seeking the Court's help in resolving discovery disputes. In this context, confer means "to have a
conference; compare and exchange ideas; meet for discussion; converse." *Webster's New World
Dictionary* (College Edition, 1968). A conference is "[a] meeting of several persons for deliberation, for
the interchange of opinion, or for the removal of differences or disputes." *Black's Law Dictionary*, Rev.
4th ed. (1968). Therefore, simply corresponding with opposing counsel is not considered a good-faith
attempt to confer or have a conference to resolve discovery disputes.

4

affidavits and other documents setting forth or evidencing facts on which their response is based.

        d.    <u>Direct Referrals</u>.  Pursuant to local practice, all motions relating to discovery, which are filed prior to the final pretrial conference, will be referred directly to the undersigned for appropriate action.  Motions filed after the final pretrial conference relating to the discovery process or seeking leave to engage in additional discovery will go to the trial judge initially.

        e.    <u>Privilege or Protection of Trial Preparation Materials</u>.  The provisions of Fed.R.Civ.P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked.  Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production.  The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u>, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules and published on the Court's website, <u>http://www.als.uscourts.gov</u>).

12.   **DISPOSITIVE MOTIONS**.  The Court considers dispositive motions, particularly summary judgment motions, to be appropriate methods for pretrial resolution of claims or defenses, or portions thereof, that do not contain disputed material facts, thus reducing the triable issues.  In order to ensure that these issues are presented in sufficient time for the Court to reach a decision prior to trial, the parties **shall** identify those claims or defenses that do not require a trial in a properly-supported dispositive motion, filed not later than **September 15, 2005.**

13.   <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>.  Unless prior permission of the Court is given:

        a.    Briefs filed in support of or in opposition to any motion shall comply with SD ALA LR 7.1(b) (June 1, 1997).  The Court will look with disfavor upon a motion to exceed the page limitation and will only grant such a motion for extraordinary and compelling reasons.

   b. Any application to the Court for an order shall comply with LR 5.1(c&d).

   c. Papers transmitted to the Court by facsimile will not be accepted for filing. A copy of this Court's policy regarding the faxing of documents may be obtained form the Clerk of the Court

  14. <u>MODIFICATION OF RULE 16 ORDERS</u>. All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court. An order entered after the final pretrial conference shall be modified only to prevent manifest injustice. Rule 16(b)&(e), Fed.R.Civ.P.

  15. <u>SETTLEMENT/ADR</u>. A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged in order to preserve scarce judicial resources and litigation costs. If settlement negotiations prove unsuccessful, the parties may seek further assistance through the procedures set forth in this Court's Alternative Dispute Resolution Plan. Accordingly, the parties are **ORDERED** to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure. The written assessment shall be filed as soon as possible during the discovery process but no later than the close of discovery. Rule 16(c)(9).

  16. <u>LOCAL RULES</u>. All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery, motions to dismiss and for summary judgment, and other matters. They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Company), but are amended from time to time. A current version may be obtained from the Clerk or downloaded from the Court's website, **http://www.als.uscourts.gov**. Local Rule 5.5(a) proscribes the filing of most discovery materials.

  17. <u>SANCTIONS</u>. The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall

be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f).

DONE AND ORDERED this 28th day of April, 2005.

s/WILLIAM E.CASSADY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

CANAL INSURANCE COMPANY,      :

     Plaintiff,                 :

vs.                              : CA 04-0094-CG-C

GOLDEN PEANUT COMPANY, LLC,     :
et al.,

                                  :

     Defendants.

## SUPPLEMENTAL RULE 16(b) SCHEDULING ORDER

After consideration of the supplemental Fed.R.Civ.P. 26(f) report filed September 12, 2005 (Doc. 168), and the Court's record, the following scheduling order is entered pursuant to Fed.R.Civ.P. 16(b):

1.    ISSUES SUBJECT TO DISCOVERY.    The stay in this action is now **LIFTED** given the fact that the underlying action, 03-819-CG-B, was settled on or about August 16, 2005. The scope of outstanding discovery in this action has been established in Chief Judge Granade's Order of April 1, 2005 (Doc. 143): "**DISCOVERY** is **REOPENED** for the limited purpose of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverages and whether Canal has waived its right to assert its current position regarding these issues."

2.    DISCOVERY COMPLETION DATE.    The limited discovery authorized herein is to be completed on or before **February 15, 2006. Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it <u>and</u> (2) that the parties have diligently pursued discovery.**

For all actions, "completed" means that all depositions have been taken; interrogatories, requests for admissions, and requests for production filed

and responded to; physical inspections and testing concluded; physical and mental examinations concluded; and motions to compel filed.

3.     INITIAL DISCLOSURES.     The initial disclosures required by Fed.R.Civ.P. 26(a)(1) have been exchanged.

4.     AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES. The parties do not anticipate amendments or joinder of parties.

5.     EXPERT TESTIMONY.  The parties have not identified a need for expert reports or testimony.

6.     PRETRIAL DISCLOSURES.     The information described in Fed.R.Civ.P. 26(a)(3) shall be **disclosed** not later than **April 24, 2006.**     The **filing** requirement of  Fed.R.Civ.P. 26(a)(4) is met by the filing of the proposed pretrial order ás required by Chief Judge Granade in all of her civil cases.

7.     SUPPLEMENTATION.     Supplementation of disclosures and responses as required by Fed.R.Civ.P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably."  All supplementation shall be completed no later than **March 15, 2006.**

8.     FINAL PRETRIAL CONFERENCE.  This action shall be pretried by Chief Judge Callie V.S. Granade, on **May 15, 2006 at 2:30  p.m., in Mobile, Alabama.**  Requests for extending the convening of the pretrial conference **will be granted only if good cause for the extension has been exhibited.  A COPY OF CHIEF JUDGE GRANADE'S STANDING ORDER GOVERNING HER FINAL PRETRIAL CONFERENCES IS ATTACHED. NO ADDITIONAL NOTICES REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE NECESSARY.**

9.     TRIAL DATE.  This non-jury trial shall be scheduled during the month of **June, 2006,** in Mobile, Alabama, the specific date to be set once the total number of actions to be tried that month is determined.  The parties have estimated that this action will require **3-4** trial days.

2

10.    DISCOVERY LIMITS. Discovery is limited as follows:

a.    Not more than **25** interrogatories, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

b.    Not more than **10** depositions may be taken by each party, limited in duration as expressed by the parties in ¶ 5 of their Report;

c.    Not more than **two set(s) of** requests for admissions may be served by each party upon any other party. Responses are due within thirty (30) days of service;

d.    Not more than **two set(s) of** requests for production of documents may be served by each party upon any other party.[1]  **Subpoenas duces tecum to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

In applying these limits, all parties represented by the same counsel will be treated as a single party.

11.    DISCOVERY MOTIONS. The following requirements pertain to discovery motions filed in this Court:

a.    Conferencing by Counsel. The conferencing requirement of Fed.R.Civ.P. 26(c), 37(a)(2), and 37(d) will be strictly enforced. This requirement will also apply to a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a) and a motion to determine sufficiency pursuant

---

[1]    These written requests for documents are intended to aid the production of not only the documents identified pursuant to Rule 26(a)(1), but any other relevant documents. The requesting party is to follow the "rule of reasonableness" when deciding the number of requests that are necessary.

to Fed.R.Civ.P. 36(a). Any such motion not containing the required certification will be stricken.[2]

          b.   Time of Filing: Form. A motion for protective order pursuant to Fed.R.Civ.P. 26(c), a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a), a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a), and a motion to compel pursuant to Fed.R.Civ.P. 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court. Any such motion shall quote in full (1) each interrogatory, request for admission or request for production to which the motion is addressed, or otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are not to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

          c.   Time for Responses. Unless within eleven (11) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion. Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any

---

[2]     Based on the undersigned's experience with the different interpretations practitioners have given to the mandate that they make a good faith effort to resolve discovery disputes before bringing them before the Court, some guidance is deemed necessary. All three referenced sections of the Federal Rules of Civil Procedure employ the same language, that the motions be accompanied by a certification that the movant "has in good faith conferred or attempted to confer" with other affected parties or persons, prior to seeking the Court's help in resolving discovery disputes. In this context, confer means "to have a conference; compare and exchange ideas; meet for discussion; converse." *Webster's New World Dictionary* (College Edition, 1968). A conference is "[a] meeting of several persons for deliberation, for the interchange of opinion, or for the removal of differences or disputes." *Black's Law Dictionary*, Rev. 4th ed. (1968). Therefore, simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes.

4

affidavits and other documents setting forth or evidencing facts on which their response is based.

        d.    <u>Direct Referrals</u>.  Pursuant to local practice, all motions relating to discovery, which are filed prior to the final pretrial conference, will be referred directly to the undersigned for appropriate action.  Motions filed after the final pretrial conference relating to the discovery process or seeking leave to engage in additional discovery will go to the trial judge initially.

        e.    <u>Privilege or Protection of Trial Preparation Materials</u>.  The provisions of Fed.R.Civ.P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked.  Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production.  The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u>, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules and published on the Court's website, **http://www.als.uscourts.gov**).

    12.    **DISPOSITIVE MOTIONS**.  The Court considers dispositive motions, particularly summary judgment motions, to be appropriate methods for pretrial resolution of claims or defenses, or portions thereof, that do not contain disputed material facts, thus reducing the triable issues.  In order to ensure that these issues are presented in sufficient time for the Court to reach a decision prior to trial, the parties **shall** identify those claims or defenses that do not require a trial in a properly-supported dispositive motion, filed not later than **March 1, 2006.**

    13.    <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>.  Unless prior permission of the Court is given:

        a.    Briefs filed in support of or in opposition to any motion shall comply with SD ALA LR 7.1(b) (June 1, 1997).  The Court will look with disfavor upon a motion to exceed the page limitation and will only grant such a motion for extraordinary and compelling reasons.

Case 2:06-cv-03286-MHT-WEG   Document 6-5   Filed 03/23/2006   Page 39 of 40
Case 2:06-cv-03286-MHT-SRW   Document 3-5   Filed 03/21/2006   Page 7 of 8
Case 1:04-cv-00094-KD-C   Document 170-1   Filed 09/15/2005   Page 6 of 7

      b.     Any application to the Court for an order shall comply with LR 5.1(c&d).

      c.     Papers transmitted to the Court by facsimile will not be accepted for filing. A copy of this Court's policy regarding the faxing of documents may be obtained form the Clerk of the Court

14.    MODIFICATION OF RULE 16 ORDERS. All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court. An order entered after the final pretrial conference shall be modified only to prevent manifest injustice. Rule 16(b)&(e), Fed.R.Civ.P.

15.    SETTLEMENT/ADR. A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged in order to preserve scarce judicial resources and litigation costs. If settlement negotiations prove unsuccessful, the parties may seek further assistance through the procedures set forth in this Court's Alternative Dispute Resolution Plan. Accordingly, the parties are **ORDERED** to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure. The written assessment shall be filed as soon as possible during the discovery process but no later than the close of discovery. Rule 16(c)(9).

16.    LOCAL RULES. All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery, motions to dismiss and for summary judgment, and other matters. They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Company), but are amended from time to time. A current version may be obtained from the Clerk or downloaded from the Court's website, **http://www.als.uscourts.gov**. Local Rule 5.5(a) proscribes the filing of most discovery materials.

17.    SANCTIONS. The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall

be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f).

DONE AND ORDERED this 14th day of September, 2005.

s/WILLIAM E.CASSADY
UNITED STATES MAGISTRATE JUDGE

7