# Exhibit G

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **CANAL INSURANCE COMPANY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 04-0094-CG-C** |
| | ) | |
| **CHRISTOPHER THOMAS, INC., et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

On March 30, 2004, a hearing was held on the following motions:

1) The motion to submit deposition transcript of Dennis Robbins filed by Golden Peanut Company, LLC ("Golden") and United States Fire Insurance Company ("U.S. Fire") in support of their motion for summary judgment and in opposition to plaintiff's motion for summary (Doc. 95).

2) The motion for leave to supplement answer and amended answer to complaint for declaratory judgment to assert affirmative defense of fraud filed by St. Paul Fire & Marine Insurance Company ("St. Paul"). (Doc. 99)

3) The motion to strike Canal's new request (in Doc. 104) for summary judgment that Canal's policy does not cover Jason Tillery filed by defendant U.S. Fire. (Doc. 107)

4) The motion to strike Canal's new request (in Doc. 104) for summary judgment that Canal's coverage is excess over all coverages filed by U.S. Fire. (Doc. 108)

5) The motion to strike Canal's new request (in Doc. 104) for summary judgment that Canal's policy does not cover Jason Tillery filed by Golden. (Doc .109)

6) The motion to strike Canal's new request (in Doc. 104) for summary judgment that Canal's coverage is excess over all coverages filed by Golden. (Doc. 110)

7) The motion to strike portions of Canal's reply brief in support of its motion for summary

1

judgment (in Doc. 104) in which Canal claims that Tillery is not a covered insured under Canal's policy filed by Christopher Thomas, Christopher Thomas, Inc., and Jason Tillery. (Doc 113).

      8) The motion to strike Canal's reply brief (Docs. 104), or in the alternative, motion for leave to conduct discovery and file rebuttal, or in the alternative, motion to file rebuttal to Canal's reply briefs filed by St. Paul. (Doc. 114)

      9) The motion for leave to amend and/or supplement its complaint for declaratory judgment to include that the claim that Jason Tillery is not covered under its policy filed by Canal Insurance Company (Canal). (Doc. 119)

      10) The motion to amend the pleadings to conform with the evidence taken in this case filed by Canal. (Doc. 120)

      11) The motion to declare that the affidavit testimony of Dennis Robbins was submitted by Golden Peanut and U.S. Fire in bad faith, and for an order a) striking all pleadings filed by U.S. Fire & Golden Peanut in support of their motion for summary judgment or in opposition to Canal's motion for summary judgment; b) granting Canal's motion for summary judgment ; c) granting Canal's motion to amend and/or supplement its complaint; and d) granting Canal's motion to amend the pleadings to conform with evidence in the case filed by Canal.(Doc. 125)

      In addition to the above motions, the parties also discussed Canal's motion to strike a portion of the affidavit testimony of Dennis Robbins (Doc. 67). Golden conceded that it had no problem with the court striking paragraph 3 of Robbins' affidavit, and the court finds it appropriate to do so. At the hearing, the court orally **GRANTED** the motion of Golden and U.S. Fire to submit the deposition transcript of Dennis Robbins in support of their motion for summary judgment and in opposition to plaintiff's motion for summary (Doc. 95). After considering the arguments made at the hearing and reviewing the pleadings filed in this case, the court also finds it appropriate to grant St. Paul's motion for leave to supplement answer and amended answer (Doc. 99) and Canal's motion for leave to supplement its complaint (Doc. 119). The court further finds it appropriate to deny the motion to declare that the affidavit testimony of Dennis Robbins was submitted in bad faith (Doc. 125). As set

2

forth below, the remaining motions to strike (Docs. 107, 108, 109, 110, 113, 114) are also due to be

denied, however, but the court will allow discovery on the issues and permit the defendants to rebut the

coverage issues recently raised by Canal.

## DISCUSSION

### 1. Motion for leave to supplement answer (Doc. 99)

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when

justice so requires."

> In the absence of any apparent or declared reason - such as undue delay, bad faith or
> dilatory motive on the part of the movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the opposing party by virtue of
> allowance of the amendment, futility of amendment, etc. - the leave sought should, as
> the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).   While leave to amend under Rule

15(a) may be freely given, leave to amend after a scheduling order deadline will only be given upon a

showing of "good cause" under Rule 16(b). Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th

Cir. 1998)   "Otherwise, scheduling order deadlines would be "meaningless" and the good cause

requirement articulated by Rule 16(b) would effectively be read out of the Federal Rules of Civil

Procedure." Anderson v. Board of School Comm'rs of Mobile County, AL, 78 F.Supp.2d 1266,1269

(S.D. Ala. 1999).   This "good cause standard...precludes modification of a scheduling order deadline

unless...[the schedule] cannot be met despite the diligence of the party seeking the extension." Id.

(citations and internal quotations omitted).   Plaintiff has the burden of showing that "extraodinary

circumstances require it" and that "the parties have [already] diligently pursued discovery." Williams v.

Baldwin County Comm'n, 203 F.R.D. 512, 516 (S.D. Ala. 2001); and (Doc. 37).

3

The court finds that defendant St. Paul has shown good cause why it should be allowed to

supplement or amend its answer to include the affirmative defense of fraud. It was not known that Mr.

Tillery would refuse to answer and assert his Fifth Amendment rights when asked whether he had been

smoking pot on the date of the accident. Mr. Tillery's response potentially invokes the application of

an exclusion contained in St. Paul's policy. Therefore, the court finds it appropriate to allow St. Paul to

supplement or amend its answer.

### 2. Canal's motion for leave to supplement and amend (Docs. 119 and 120) and defendants' motions to strike (Docs. 107, 108, 109, 110, 113, 114).

Canal's policy contains a "Truckman's Endorsement" which states that coverage does not

extend "to any person, firm or organization using the described automobile pursuant to any lease,

contract for hire, bailment, rental agreement, or any similar contract or agreement." In that event, "the

insurance afforded the named insured shall be excess insurance over any other insurance."

Defendants contend that Canal should be judicially estopped from asserting that Canal's Truckman's

Endorsement makes Canal's coverage excess to all other coverage, or that the Truckman's

Endorsement precludes coverage for Tillery. According to defendants, these positions are inconsistent

with Canal's previous positions in this litigation. Defendants further assert that because Canal has been

representing Tillery in the underlying action without a reservation of rights, Canal is estopped from

denying coverage for Tillery. At the hearing, new issues were raised concerning whether Canal has, in

fact, represented Tillery in the underlying action. No evidence concerning this issue was presented.

Canal asserts that its new assertions are not inconsistent with its previous pleadings and were raised

only in response to defendants' motions. Canal further asserts that it did not learn until recently that

4

Tillery was a statutory employee of Golden and that Golden was a motor carrier.

The court finds that Canal has shown good cause to assert the coverage issue in response to defendants' motions for summary judgment, and **GRANTS** Canal's second motion to amend or supplement the second amended complaint.[1]  The court also finds that defendants' motions to strike should be **DENIED**.  However, it is possible that Canal has waived its right to deny coverage to Tillery or assert that its policy is excess to all other coverage and defendants should be given the opportunity to conduct discovery concerning Canal's new positions.  Therefore, the court finds it appropriate to allow the parties to conduct discovery on these issues and to allow the defendants to rebut this recent assertion by Canal.  The matter is referred to the magistrate judge to establish a schedule for discovery and response on these newly-raised coverage issues.

### 3. Canal's motion to declare that the affidavit testimony of Dennis Robbins was submitted in bad faith (Doc. 125)

The court finds that Canal has not demonstrated that the affidavit testimony of Dennis Robbins was submitted in bad faith.  Therefore, that motion is **DENIED**.

### CONCLUSION

For the reasons stated above, the court orders the following:

1.) Canal's motion to strike a portion of the affidavit testimony of Dennis Robbins (Doc. 67) is **GRANTED** to the extent that paragraph 3 of Robbins' affidavit is hereby **STRICKEN**;

---

[1]Granting the motion to amend/supplement the amended complaint **MOOTS** Canal's motion to amend the pleadings to conform with the evidence.

2.) St. Paul's motion for leave to supplement answer and amended answer to complaint for declaratory judgment to assert affirmative defense of fraud (Doc. 99) is **GRANTED**;

3.) Canal's second motion for leave to amend or supplement its amended complaint (Doc. 119) is **GRANTED**;

4.) Canal's motion to amend the pleadings to conform with the evidence taken in this case (Doc. 120) is **MOOT**;

5.) Canal's motion to declare that the affidavit testimony of Dennis Robbins was submitted in bad faith (Doc. 125) is **DENIED**; and

6.) Defendants' motions to strike (Docs. 107, 108, 109, 110, 113, 114) are **DENIED**, however, **DISCOVERY** is **REOPENED** for the limited purpose of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding these issues.

The clerk is directed to refer the matter to the Magistrate Judge to establish a discovery and response schedule on newly-raised coverage issues.

**DONE** and **ORDERED** this 1st day of April, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE